Ray K. BULLOCK, et al., Appellants,

v.

Marvel Putnam KEHOE, Appellee.

No. B14–83–599CV.

Court of Appeals of Texas,
Houston (14th Dist.).

June 7, 1984.

Maurice Bresenhan, Jr., Byrnes, Martin, Bresenhan & Sinex, J. Edwin Smith, Smith, Schulman, Rawitscher & Carnahan, Frank R. Young, Ben Adams, Jr., Houston, for appellants.

Don Fogel, Jenkens, Gilchrist & Heath, Richard Flowers, Butler & Binion, John Schwartz, Liddell, Sapp, Zivley & Brown, Houston, for appellee.

Before PAUL PRESSLER, ROBERT-SON and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

Appellee recovered on guaranty agreements given by each of the appellants. We affirm.

In May 1972, appellants each guaranteed $50,000 of a note for $312,564.85 which was given by C.J. Kehoe to appellee as part of the property settlement agreement incident to their divorce. Each guaranty recites the principal amount of the note as $312,-564.85, with interest only payable quarterly for the first five years, and all principal and accrued interest payable six years from its date. The guaranty agreements were obtained at least one month before the actual note was signed.

The note is dated June 13, 1972, and states that "the principal and all then unpaid interest of this note are payable on June 9, 1977," which was five years from the date of execution. Under the guaranty agreements, this date was June 9, 1978. In all other respects, the note is as set forth in the guaranty agreements. Kehoe paid quarterly interest on the note through December 1976 and then defaulted. Appellee obtained a judgment against Kehoe for the full amount of the note but was never paid. She then sued on the separate guaranty agreements, and the trial court held each defendant liable.

In their first point of error, appellants argue that there was a material variance, as a matter of law, between the specific guaranties and the promissory note. In addition, appellant Bullock also claims the jury's finding that there was no material variance is against the great weight and preponderance of the evidence. We disagree.

The guarantor is entitled to have his agreement strictly construed, and if there is any material variance in the terms of the contract, the guarantor's obligation is discharged. *McKnight v. Virginia Mirror Company*, 463 S.W.2d 428 (Tex.1971). However, the claim that a surety or guarantor has been released from liability because the contract has been altered is an affirmative defense which must be proven by the surety or guarantor. *Reliance Insurance Co. v. Dahlstrom Corp.*, 568 S.W.2d 733 (Tex.Civ.App.—Eastland 1978, writ ref'd n.r.e.). Appellants needed to show conclusively that the difference in the due date of the note either caused them injury or enhanced their risk of injury. *See United Concrete Pipe Corp. v. Spin-Line Co.*, 430 S.W.2d 360 (Tex.1968); *Old Colony Insurance Company v. City of Quitman*, 163 Tex. 144, 352 S.W.2d 452 (1961). Appellants asserted no such claims, and we can find nothing in the record to show how appellants were harmed by the change in

dates especially since the default occurred before the maturity of the note in either event. Appellants failed to meet their burden of proof. Appellants' first point of error is overruled.

In his second point of error, appellant Bullock claims that the jury's finding that there was no material variance between the note and the guaranty agreement is against the great weight and preponderance of the evidence. Each appellant had the burden of proving that the alteration discharged him as a guarantor. *Reliance Insurance Co. v. Dahlstrom,* 568 S.W.2d at 736. This burden was not met. Appellant Bullock's second point of error is overruled.

Since no material variance was proven between the note and the guaranty, it is not necessary to address appellant Bullock's points three through eleven and fifteen through twenty or appellants Strybos' and Young's second point of error. They are overruled.

In points of error twelve and thirteen, appellant Bullock complains of the award of attorney's fees, contending there was either no evidence, or insufficient evidence, to support their award. Appellee sought recovery both under the guaranty agreements and for constructive trusts on certain property alleged to be fraudulently possessed by the guarantors. Bullock argues that appellees failed to distinguish between the attorney's fees incident to the claim under the guaranty agreements for which attorney's fees are recoverable and the claim of fraudulent possession for which attorney's fees are not recoverable.

When two or more causes of action are involved, the party asserting those causes must allocate the time spent between those for which attorney's fees may be recovered and those for which they may not. *Kosberg v. Brown,* 601 S.W.2d 414 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ); *American National Bank & Trust Co. v. First Wisconsin Mortgage Trust,* 577 S.W.2d 312 (Tex.Civ.App.—Beaumont 1979, writ ref'd n.r.e.). However, there is nothing in the record to indicate more than a nominal amount of time and effort was spent in pursuing the claim for a constructive trust. It was not pursued at trial and no special issues were submitted. Appellee's attorney testified that his $30,000 fee was "for this case against these Defendants, the four Defendants who signed the guaranties who are in this lawsuit right now." The jury awarded a total fee of $20,000. The evidence is sufficient to support this award. We overrule points of error twelve and thirteen.

In point of error fourteen, Bullock contends the trial court erred in denying his motion to disqualify appellee's law firm because present and former members of the firm were material witnesses in the suit. He argues that their continued representation of appellee violated Disciplinary Rules 5-101 and 5-102, Tex.State Bar Rules (Vernon 1973). Appellant filed his only motion to disqualify in April 1983, approximately three weeks before the case went to trial. The case had previously been set for trial at least ten times between October 1980 and December 1982.

We need not determine whether the Disciplinary Rules were violated. In order to warrant reversal on appeal, the complaining party must show that the violation caused an improper judgment to be rendered. *See Finch v. Texas Employers' Ins. Assn.,* 564 S.W.2d 807 (Tex.Civ.App.—Dallas 1978, writ ref'd n.r.e.); TEX.R. CIV.P. 434. Appellant has made no claim that he was harmed, and there is no indication of his being harmed in the record. We overrule point of error fourteen.

The judgment is affirmed.