**S. Lewis HILL and Patricia Hill, Appellants,**

v.

**Sidney L. PIERCE and Hovious Associates, Inc., A Texas Corporation, Appellees.**

No. 08–86–00311–CV.

Court of Appeals of Texas, El Paso.

March 18, 1987.

Rehearing Denied April 15, 1987.

Richard Yetter, El Paso, for appellants.

Michael T. Milligan, Francis S. Ainsa, Sr., El Paso, for appellees.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

## OPINION

WOODARD, Justice.

This is an appeal from a judgment denying Defendants attorney's fees provided for under Tex.Bus. & Com.Code Ann. sec. 17.55A. Plaintiff Sidney L. Pierce pur-

chased a house from Defendants S. Lewis Hill and wife, Patricia Hill, in 1979 and then brought suit against these Defendants who in turn sued the third-party Defendant/realtor, Hovious Associates, Inc., alleging misrepresentations under Section 17.46 of the Deceptive Trade Practices Act. The Plaintiff and the third-party Defendant/realtor entered into a settlement agreement which also provided a release of liability for the Defendants, who had not participated in the agreement. The Defendants proceeded to trial before the court on their counterclaim for attorney's fees alleging that the Plaintiff had brought his action in bad faith, for the purpose of harassment, and that the suit was groundless. The trial judge denied recovery. We affirm.

Defendants argue insufficiency of evidence in Points of Error Nos. One, Two and Three. A factual insufficiency point requires us to examine all the evidence in determining whether the finding in question is so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). If there is sufficient competent evidence of probative force to support the finding, it must be sustained. *Carrasco v. Goatcher*, 623 S.W.2d 769 (Tex.App.—El Paso 1981, no writ). It is not within the province of the court to interfere with the trial court's resolution of conflicts in the evidence or to pass on the weight or credibility of the witnesses' testimony. *Benoit v. Wilson*, 150 Tex. 273, 239 S.W.2d 792 (1951). Where there is conflicting evidence, the trial court's findings on such matters are generally regarded as conclusive. *Montgomery Ward and Co. v. Scharrenbeck*, 146 Tex. 153, 204 S.W.2d 508 (1947).

The testimony disclosed that Plaintiff presented his case to his attorney and was advised he had a cause of action. There was a written statement presented to the Plaintiff and signed by a Mr. Hill, the name of one of the Defendants, representing that the plumbing, air conditioning, heating, and other things were in good working order. There was testimony and other evidence indicating this to be incorrect. The Defendants claim that the Plaintiff's settle-

ment with the realtor, without the determination of whether the representations were those of the Defendants or the realtor, overwhelmingly supports their case. The Plaintiff testified he settled with the realtor reluctantly, still believing that the agent had done nothing wrong. It is the Defendants' position that the cause of action must be confined to the time the deed was signed. At that time, Plaintiff had full knowledge of the defects. We hold that the time surrounding the execution of the earnest money contract can be considered.

The trial court, based upon the above facts, found the Plaintiff's action not to be groundless, or in bad faith, or brought for the purpose of harassment. The term "groundless" as used in the Act cannot mean simply that the Plaintiff failed to recover; it must mean there was no arguable basis for his cause of action. *LaChance v. McKown*, 649 S.W.2d 658 (Tex. App.—Texarkana 1983, writ ref'd n.r.e.). The definition of "bad faith" or "for the purpose of harassment" is set forth in *Brunstetter v. Southern*, 619 S.W.2d 557 (Tex.Civ.App.—San Antonio 1981, writ ref'd n.r.e.). The consumer's claim must be proven to be motivated by a malicious or discriminatory purpose. Personal ill will or spite on the part of the consumer toward the Defendants is relevant to the issue of malice, although ill will is not a prerequisite to a finding of malice. Even if no ill will existed between the parties, the Defendants may be able to show that the consumer was motivated by a reckless disregard for Defendants' rights. In such cases, malice may be inferred from the proof that the consumer did not have a good faith belief that there was a basis for his claim.

We further note *Salais v. Martinez*, 603 S.W.2d 296 (Tex.Civ.App.—El Paso 1980, no writ), standing for the proposition that failure to make promised repairs can be basis for action under the Deceptive Trade Practices Act.

We find then sufficient evidence of probative value to support the trial court's

judgment. Points of Error Nos. One, Two and Three are overruled.

 Point of Error No. Four concerns the trial court's failure to award attorney's fees under Section 17.55A of the Act. An exhibit that purportedly represented work done by Defendants' attorney was admitted into evidence without objection. At the time of the offer, Defendants' attorney requested he be allowed to separate and clarify which attorney's fees were attributable to the Plaintiff's cause of action and which to the third-party Defendant's. This was never done. There is not, then, any ascertainable evidence to support a judgment. *Blalock v. Jones*, 1 S.W.2d 400 (Tex.Civ. App.—Amarillo 1927, writ dism'd). Further, we note there was no evidence of the reasonableness of the attorney's fees. *Great American Reserve Insurance Company v. Britton*, 406 S.W.2d 901 (Tex. 1966). Point of Error No. Four is overruled.

The judgment of the trial court is affirmed.