**SOUTHERN CONCRETE COMPANY, Appellant,**

v.

**METROTEC FINANCIAL, INC., d/b/a Springwood Development d/b/a Springwood Custom Homes and Jake Murrell, individually, Appellees.**

No. 05–87–00592–CV.

Court of Appeals of Texas, Dallas.

Aug. 4, 1989.

Bob J. Shelton, Bernie E. Hauder, Dallas, for appellant.

Earl Franklin Edwards, Richardson, for appellees.

Before STEWART, ROWE and OVARD, JJ.

STEWART, Justice.

Southern Concrete Company appeals from the judgment of the trial court that failed to award Southern its attorneys' fees incurred in the successful prosecution of its case against Metrotec Financial, Inc., and Jake Murrell. In nine points of error, Southern contends that it should have been awarded its reasonable attorneys' fees because; (1) the evidence conclusively established that Southern made a proper presentment of its claims to Metrotec as a matter of law; (2) the trial court's finding that Southern failed to make a proper presentment of its claim to Metrotec was against the great weight and preponderance of the evidence; (3) the evidence conclusively established which invoices were paid and which were not paid as a matter of law; (4) the trial court's finding that the evidence failed to show which invoices were paid was against the great weight and preponderance of the evidence; (5) the trial court abused its discretion in refusing to reopen the evidence to allow evidence of Southern's presentment of its claim to Metrotec; (6) the trial court abused its discretion in refusing to reconsider its ruling on Southern's motion to reopen; (7) the trial court erred as a matter of law in concluding that Southern was not entitled to recover attorneys' fees from Metrotec; (8) the trial court's finding that the evidence failed to show what portions of Southern's attorneys' fees were attributable to the various defendants and various causes was against the great weight and preponderance of the evidence; and (9) the trial court erred as a matter of law in finding and/or concluding that Southern's causes against Metrotec and Murrell were not so intertwined as to

allow recovery of attorneys' fees on the whole case. We disagree and affirm.

Metrotec was a Texas corporation and the owner of nine lots in Collin County, Texas. Metrotec constructed residences on the lots with interim financing furnished by Commodore Savings, First Texas Savings, and Texas American Bank. These loans were secured by liens on the lots in favor of the lenders. Jake Murrell, president of Metrotec, did all of the field superintendent work in constructing the properties and was the sole owner of the stock of the company.

The money obtained by Metrotec from Commodore, First Texas, and Texas American was placed in one account at Canyon Creek National Bank and was to be used to make payments to materialmen and subcontractors for the nine lots. In order to obtain funds from the three interim lenders, Murrell would execute a standard affidavit of construction draw. During 1984, Southern supplied concrete to Metrotec in connection with construction projects on the nine lots. Southern sent invoices to Metrotec for concrete and materials furnished to those certain construction projects. The parties stipulated that the balance due Southern was $20,278.60.

Southern brought suit against Metrotec for breach of contract, against Metrotec and Murrell for constructive and common law fraud, against Murrell for breach of fiduciary duty as a trustee under sections 162.001 and 162.002 of the Texas Property Code, and against Commodore for negligence and breach of fiduciary duty.

The court awarded judgment for $20,278.60 against Metrotec and Murrell, jointly and severally, in Southern's actions against them, and against Southern in its action against Commodore. Although the trial court in its findings of fact and conclusions of law found that reasonable attorneys' fees in the amount of $12,500 had been incurred by Southern in the prosecution and trial of the case, it refused to award Southern its fee because it also found that Southern failed to show, and the trial court was unable to determine from the evidence, which or what portions of its

attorneys' fees were incurred or attributable to Southern's claim against Metrotec for breach of contract, against Metrotec and Murrell for breach of fiduciary duty and for fraud, against Commodore Savings alleging negligence and breach of fiduciary duty, and for recovery from the former defendants, Texas American Bank and First Texas. The court also found that Southern's causes of action were not so inextricably intertwined that fees should be allowed on the whole case against them.

In oral argument, Metrotec conceded that it would lose on Southern's points concerning the findings on lack of presentment because sufficient evidence was introduced to prove presentment. Therefore, we need not address appellant's points of error one through six; they are sustained. We will now address Southern's points seven, eight, and nine.

Southern contends in these points that the trial court erred as a matter of law in concluding that Southern was not entitled to recover attorney's fees from Metrotec, that the court's finding that Southern did not segregate its attorneys' fees among the defendants is against the great weight and preponderance of the evidence, and that the trial court erred as a matter of law in finding and/or concluding that Southern's causes of action against Metrotec and Murrell were not so inextricably intertwined as to allow recovery of attorneys' fees on the whole case.

■ To overcome an adverse finding on which a complainant had the burden of proof (i.e., "matter of law" complaint), the complainant must overcome two hurdles: 1) the record must be examined for evidence that supports the court's finding, while ignoring all evidence to the contrary; and 2) if there is no evidence to support the finding, the entire record must be examined to see if the contrary proposition is established as a matter of law. *Holley v. Watts*, 629 S.W.2d 694, 695 (Tex.1982).

■ Appellant's "great weight and preponderance" point requires a consideration of all of the evidence, both that tending to prove the fact and that tending to

disprove the fact. *See* Cornelius, *Appellate Review of Sufficiency of the Evidence Challenges in Civil and Criminal Cases*, 46 TEX.B.J. 439, 441 (1983). We will set aside the judgment only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986).

In its seventh point, Southern contends that the evidence conclusively established that it was represented by an attorney, that it made proper presentment of its breach of contract claim to Metrotec, that the claim remained unpaid for more than thirty days and was unpaid for more than thirty days on the day of trial, that it recovered from Metrotec on its contract claim, and that, therefore, the trial court was required as a matter of law to award it attorneys' fees from Metrotec. *Caldwell & Hurst v. Myers*, 714 S.W.2d 63, 65 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.).

Metrotec replies that Southern is not entitled to its fees because it failed to segregate the time spent on the breach of contract claim, for which a fee is authorized, from the time spent on causes against other parties, such as the litigation involving First Texas, in seeking to recover from Texas American, in proving a breach of fiduciary duty claim against Murrell, individually, and in seeking recovery against Commodore. Therefore, Metrotec contends, there is not any ascertainable evidence to support a judgment for attorneys' fees. *Hill v. Pierce*, 729 S.W.2d 340, 342 (Tex.App.—El Paso 1987, writ ref'd n.r.e.).

 When two or more causes of action are involved, the party asserting those causes must allocate the time spent between those for which attorneys' fees may be recovered and those for which they may not. *Bullock v. Kehoe*, 678 S.W.2d 558, 560 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). An award for attorneys' fees must be based upon some statutory or contractual authority. *Tibbetts v. Tibbetts*, 679 S.W.2d 152, 154 (Tex.App.—Dallas 1984, no writ). Murrell was sued under the Trust Fund Statute, and we have found no authority to support an award of attorneys'

fees under that statute. Further, Southern's evidence regarding attorneys' fees included fees accruing from proceedings against the three banks. Two of the banks settled or were dismissed before trial, and Southern did not recover from the third. The record also reflects that Southern did not segregate the time spent on the breach of contract cause of action against Metrotec from time spent on its fraud claims against Metrotec and Murrell.

 However, Southern contends that, because Metrotec did not object at trial to Southern's failure to segregate, Metrotec has waived this argument on appeal. It relies on *Hruska v. First State Bank of Deanville*, 747 S.W.2d 783 (Tex.1988), and *Aero Energy, Inc. v. Circle C. Drilling Co.*, 699 S.W.2d 821 (Tex.1985), as support for its position. These cases are distinguishable from the facts before us.

In *Hruska*, the appellants were complaining of the award of attorneys' fees to one appellee because of its failure to segregate between services rendered to prosecute a suit on a promissory note and those rendered in defense of appellants' counterclaim. The court held that, because appellants did not object to the failure to segregate, they waived *the error*. Although this case involved a jury trial of some issues, neither the supreme court's nor the court of appeal's opinion is clear as to whether the attorney fee issue was submitted to the jury or whether that issue was tried before the court. However, the supreme court cited as authority for its waiver ruling *Aero Energy*, also relied on above by Southern, and *Matthews v. Candlewood Builders, Inc.*, 685 S.W.2d 649, 650 (Tex.1985). Both of the cited cases involved the submission of a broad issue to the jury on attorneys' fees, which allowed the jury to consider fees for claims for which no award was authorized. In *Matthews*, the court held that, because Candlewood did not object to the broad issue, it waived any complaint that the trial court allowed the jury to consider and award fees not associated with Matthews' successful claim. The court cited Texas Rule of Civil Procedure 274 as its authority. *Matthews*,

685 S.W.2d at 650; *accord Aero Energy, Inc.*, 699 S.W.2d at 823 (because appellants did not object to the trial court's failure to segregate the attorneys' fees between the claims, they waived that point) (citing *Matthews* and Rule 274 of the Texas Rules of Civil Procedure).

The cases upon which the *Hruska* court relied involve lack of an objection to the *trial court's* failure to segregate the claims or causes of action for which fees were incurred and to submit to the jury only the attorney fee bearing claims. The failure to object to the submission of an erroneous jury issue clearly waives any error under Rule 274, which deals exclusively with the jury charge. These cases do not stand for the proposition that the opposing party waives error or his appellate argument because he did not object to a party's failure to segregate time spent among the various claims during the trial. Rather, they stand for the proposition that a party has a duty to timely object to an erroneous jury issue so that the trial court can correct its error; otherwise, that party waives the error. TEX.R.CIV.P. 274. Likewise, in a nonjury trial, if the trial court *awards* a fee based upon evidence of services or time spent that should have been segregated but was not, the opposing party must object to the trial court's error by postjudgment motion in the trial court in order to urge that error on appeal. TEX.R.APP.P. 52(a).

■ In this case, the court *refused* to award attorneys' fees in the absence of evidence of segregation. Metrotec is not complaining of this finding on appeal and did not have the burden to give Southern a warning as to the deficiency of Southern's proof. Metrotec would have had the duty to object to the lack of segregation only if the trial court had erroneously awarded Southern its attorneys' fees in the absence of evidence of segregation. *Bullock*, 678 S.W.2d at 560.

■ Under this record, we hold that there was no ascertainable evidence to support a judgment for attorneys' fees on Southern's breach of contract claim against Metrotec, *Hill*, 729 S.W.2d at 342, and that

the trial court did not err as a matter of law in concluding that Southern was not entitled to recover such fees. We also hold that the trial court's finding that Southern failed to show what portions of its fees were attributable to the various defendants and various causes was not against the great weight and preponderance of the evidence. We overrule Southern's seventh and eighth points.

■ In its ninth point, Southern maintains that, nevertheless, it is entitled to its fees because its causes of action against Metrotec and Murrell were so inextricably intertwined as to allow recovery of attorneys' fees on all of the causes asserted against them. The services for which reasonable attorneys' fees may be awarded include those rendered in connection with all claims, even if recovery of attorneys' fees is not authorized for such claims, *if* they arise out of the same transaction *and* "are so interrelated that their prosecution or defense entails proof or denial of essentially the same facts." *Flint & Assoc. v. Intercontinental Pipe & Steel, Inc.*, 739 S.W.2d 622, 625 (Tex.App.—Dallas 1987, writ denied).

It is undisputed that Southern's causes of action against Metrotec and Murrell arise out of the same transaction. However, in the cases cited by Southern, *Flint, Wilkins v. Bain*, 615 S.W.2d 314 (Tex.App.—Dallas 1981, no writ), and *Williamson v. Tucker*, 615 S.W.2d 881 (Tex.App.—Dallas 1981, writ ref'd n.r.e.), appellants were all complaining of awards of attorneys' fees where there was no segregation between the fees incurred in prosecuting the main cause of action and in defending a counterclaim. In those cases, in order to succeed in the case in chief, the appellees had to defeat the counterclaim. Therefore, this Court held in each case that the causes were "inextricably intertwined," and thus segregation was not required.

Our case is distinguishable. Southern asserted a breach of contract claim against Metrotec, a breach of fiduciary duty claim against Murrell, individually, and constructive and common law fraud claims against both Metrotec and Murrell. Attorneys'

fees are authorized only for the breach of contract claim. The breach of fiduciary duty claim and the fraud claims are not interrelated with the breach of contract claim and they require proof of facts different from those necessary to prove the breach of contract claim.

We hold that the trial court did not err as a matter of law in concluding that Southern's causes of action against Metrotec and Murrell were not so inextricably intertwined as to allow recovery of attorney's fees on the whole case against them. Southern's ninth point is overruled.

The judgment of the trial court is affirmed.