WEITZUL CONSTRUCTION,
INC., Appellant,

v.

OUTDOOR ENVIRONS, Appellee.

No. 05–91–01590–CV.

Court of Appeals of Texas,
Dallas.

Jan. 26, 1993.

Jeffrey L. Clark, Kelsoe, Anderson & Khourty, P.C., Dallas, for appellant.

Martin D. Steele, Grand Prairie, Michael R. Roach, Lewisville, for appellee.

Before BAKER, BARBER,[1] and MORRIS,[2] JJ.

## OPINION

BAKER, Justice.

Based on the jury's verdict, the trial court entered a judgment for Outdoor Environs. In five points of error, Weitzul contends the trial court erred in entering judgment because Outdoor did not produce any evidence of the cost of remedying defects. Weitzul also claims the trial court erred by not submitting Weitzul's requested affirmative defense issue and by awarding Outdoor its attorney's fees. We affirm the trial court's judgment.

## THE SPRINKLER SYSTEM AND LANDSCAPE CONTRACTS

Weitzul Construction was the general contractor for the City of Farmers Branch on a pump station project. Weitzul hired Outdoor as a subcontractor to install the sprinkler system and do the landscape work for the project. The sprinkler contract was for $11,000, and the landscape contract was for $22,000. Outdoor went onto the site to do the work. Outdoor claimed it fully performed both the sprinkler and landscape contracts. Outdoor claimed it should receive full payment on both contracts. Weitzul contended that Outdoor did not fully perform either agreement. Weitzul claimed it took over both contracts as provided in the agreements and spent money to complete and remedy Outdoor's defective work. Weitzul claimed the right to backcharge Outdoor for its completion expenses.

## PROCEDURAL HISTORY

Outdoor sued Weitzul for the balances due on the sprinkler and landscape agreements. Outdoor claimed it was due $1072.50 on the sprinkler contract and $11,258.83 on the landscape contract. Outdoor also alleged it was due an additional amount of $7400 for extra work not included in the contracts.

1. Justice Will Barber succeeds Justice Jeff Kaplan, a member of the original panel. Justice Barber has reviewed the briefs and record in this case.

2. Justice Joseph B. Morris succeeds Justice Kevin B. Wiggins, a member of the original panel. Justice Morris has reviewed the briefs and record in this case.

Weitzul answered and alleged that Outdoor materially breached the agreements. Weitzul alleged that it had paid all that was due. Weitzul further alleged that Outdoor had not allowed all lawful credits and offsets.

The parties tried the case to a jury. The trial court submitted the case to the jury on a substantial performance theory. The jury found Outdoor substantially performed both the sprinkler and landscape contracts. The jury found Outdoor should recover $1072.50 on the sprinkler contract and $8063.66 on the landscape contract. In the damage issue, the court instructed the jury that a contractor who has substantially performed his contract may recover the contract price less the reasonable cost of completion and remedying any defects.

The jury did not find that Outdoor performed other compensable work for Weitzul. The jury found Outdoor entitled to attorneys' fees for the trial and possible appeal of the case. The trial court entered judgment on the verdict for Outdoor.

## THE PARTIES' CONTENTIONS

### A. Weitzel's Contentions
#### 1. The Sprinkler Contract

Weitzul contends Outdoor produced no evidence of the cost to remedy Outdoor's incomplete and defective performance of the sprinkler contract. Weitzul asserts Outdoor did not secure a jury finding of the cost to remedy defects under this agreement. Weitzul contends that without such a finding, Outdoor cannot recover under a substantial performance theory. Specifically, Weitzul argues Outdoor sought recovery of $1072.50 representing the unpaid balance of the full contract amount. The jury awarded Outdoor $1072.50. Weitzul concludes the jury made no finding of any cost to remedy defects. Weitzul argues Outdoor cannot prevail because the jury's answer to the question is an answer of "none" to the cost of remedying defects.

#### 2. The Landscape Contract

Weitzul contends Outdoor produced no evidence of the cost to remedy Outdoor's incomplete and defective performance under the landscape contract. Weitzul introduced evidence to support its claims against Outdoor for incomplete and defective performance. This evidence included Weitzul's cost to remedy the defects. Weitzul argues that this evidence did not show the cost to remedy defects or the cost of completion because its evidence was not expert testimony or probative of that issue.

In summary, Weitzul argues that because no expert testified about the cost of remedying defects and Outdoor offered no evidence about reasonable amounts in Dallas County, Texas, to remedy any defects, Outdoor did not prove its substantial performance action. Weitzul contends Outdoor should recover nothing.

### B. Outdoor's Contentions
#### 1. The Sprinkler Contract

Outdoor argues the jury heard evidence from both sides about the sprinkler contract. Outdoor contends there was a dispute on the backcharges Weitzul claimed it could take. Outdoor argues the jury found the cost of remedying defects on the sprinkler contract was "none" by answering the damage question $1072.50. Outdoor contends the jury's answer was proper under the evidence.

#### 2. The Landscape Contract

Outdoor contends the parties tried the entire case on the evidence and the documents on Weitzul's backcharges to the contract. Outdoor points out Weitzul's president testified about the backcharges and costs Weitzul incurred to remedy defects Weitzul alleged resulted because of Outdoor's deficient performance. Outdoor disputed all of the backcharges claimed by Weitzul and introduced evidence that showed certain items were minor maintenance, repair, or warranty items.

### STANDARD OF REVIEW

Weitzul's first three points of error are no evidence points. In deciding a no evidence question, we consider only that evidence and reasonable inferences there-

from that tend to support the jury findings. We disregard all contrary evidence and inferences. *Best v. Ryan Auto Group, Inc.*, 786 S.W.2d 670, 671 (Tex.1990); *Kartalis v. Lakeland Plaza Joint Venture*, 784 S.W.2d 64, 67 (Tex.App.—Dallas 1989, writ denied). We uphold the jury's findings if there is more than a scintilla of evidence to support them. *Stedman v. Georgetown Sav. & Loan Ass'n*, 595 S.W.2d 486, 488 (Tex.1979). The reviewing court is not a fact finder. We may not substitute our judgment for that of the jury, even if a different answer could be reached on the evidence. *Clancy v. Zale Corp.*, 705 S.W.2d 820, 826 (Tex.App.—Dallas 1986, writ ref'd n.r.e.).

■ The jury is the exclusive judge of the controverted fact issues raised by the evidence, the weight given to the evidence, and the inferences drawn therefrom. The jury is the exclusive judge of the witnesses' credibility. *Beck v. Lawler*, 422 S.W.2d 816, 819 (Tex.Civ.App.—Fort Worth 1967, writ ref'd n.r.e.).

### THE APPLICABLE LAW

■ Outdoor pleaded it should recover on the contract. Weitzul claimed Outdoor's performance was incomplete and defective. Weitzul claimed offsets for its costs to remedy Outdoor's defective performance. Outdoor disputed Weitzul's claims for backcharges. A pleading of full performance will support the submission of a substantial performance issue. *See Del Monte Corp. v. Martin*, 574 S.W.2d 597, 599 (Tex.Civ.App.—San Antonio 1978, no writ).

■ A contractor that substantially performs a building contract may recover the full contract price less the cost of remedying those defects that are remediable. *Vance v. My Apartment Steak House*, 677 S.W.2d 480, 481 (Tex.1984). When a contractor brings suit to recover for substantial performance and the owner alleges remediable defects in the construction, the contractor must prove he did substantially perform. The contractor must also prove the consideration owed him under the contract and the cost of remedying the defects

due to his errors or omissions. *Vance*, 677 S.W.2d at 483.

■ If the owner sues or counterclaims alleging the contractor is in breach of the construction contract, the owner's measure of damage is the cost of completing the job or of remedying those defects that are remediable. If the owner has paid only part of the contract price to the contractor, then the amount of the owner's damages is credited against the balance of his payments owed on the contract. *See Turner, Collie & Braden, Inc. v. Brookhollow, Inc.*, 642 S.W.2d 160, 164 (Tex. 1982). The facts of the case determine the proper measure of damages as well as any allowance offsets. *Vance*, 677 S.W.2d at 481 n. 1.

### APPLICATION OF THE LAW TO THE FACTS

#### A. The Sprinkler Contract

■ The price for installing the sprinkler system was $11,000. Outdoor acknowledged payments from Weitzul totaling $9927.50. Outdoor sued for an unpaid balance of $1072.50. Outdoor's partners and employees testified Outdoor completed the sprinkler system contract. Outdoor's witnesses testified any work done on the sprinkler system was merely maintenance or warranty work.

Tom Weitzul, Weitzul's president, testified he had been in the construction business for eighteen to nineteen years. His company maintained offices in Dallas, Hawaii, and Guam. His company has done a number of municipal projects in Texas, California, Hawaii, and Guam. Weitzul testified the contracts with Outdoor permitted Weitzul to take over the contracts if Outdoor did not properly perform. He also testified the contracts permitted Weitzul to repair or remedy any defects and backcharge Outdoor for these costs. Weitzul introduced evidence showing a $595 backcharge on the sprinkler contract. Weitzul contended Outdoor was due only $477.50.

Weitzul contends that the jury's award of the remaining full contract balance of

$1072.50 amounts to a finding of "none" to the cost to remedy defects. Weitzul argues that absent a jury finding of costs to remedy defects, Outdoor cannot prevail on a substantial performance theory on the sprinkler system. We disagree.

The jury's effective answer of "none" to the cost of remedying defects does not mean Outdoor did not meet its burden of proof on its substantial performance claim. *See Ambassador Dev. Corp. v. Valdez*, 791 S.W.2d 612, 616 (Tex.App.—Fort Worth 1990, no writ). The *Ambassador* court relied on *Atkinson v. Jackson Bros.*, 270 S.W. 848 (Tex.Comm'n App.1925, holding approved), that held the doctrine of substantial performance necessarily includes compensation for all defects which are so slight and insignificant as to be safely overlooked on the principle of *de minimis non curet lex*.[3] *See Atkinson*, 270 S.W. at 851; *see also Dietz Memorial Co. v. Texas Steel Bldg. Co.*, 578 S.W.2d 872, 875 (Tex.Civ. App.—Waco 1979, writ ref'd n.r.e.); *Beck*, 422 S.W.2d at 818.

There is no conflict between the jury's finding of substantial performance and its finding of zero cost for completion and correction. *Ambassador Dev. Corp.*, 791 S.W.2d at 617. We overrule Weitzul's points of error one and two.

### B. The Landscape Contract

■■■ The price for the landscape contract was $22,000. Outdoor acknowledged payments from Weitzul totaling $10,741.17. Outdoor sued for the unpaid balance of $11,258.83. Tom Weitzul testified that Weitzul had to take over the landscape contract from Outdoor. He testified about and introduced documentation on two backcharges totaling $10,053.83. Weitzul claimed Outdoor was due only $1205.

Outdoor's witnesses testified that Weitzul's backcharges for labor were excessive. These witnesses also testified that a number of the backcharges Weitzul claimed were done by Outdoor employees or subcontractors. The jury awarded Outdoor $8063.66 on the landscape contract.

Weitzul contends that because there was no expert designated to testify about the cost of remedying defects and Outdoor offered no evidence that the amounts paid by Weitzul were reasonable in Dallas County, Texas, Outdoor did not carry its burden to prove its substantial performance suit. We disagree.

We find the supreme court's discussion in *Vance* dispositive of Weitzul's contentions. In *Vance*, the supreme court noted that one of the owners of the Steak House testified that he had paid $14,000 to $15,000 to subcontractors for work done or repairs made to remedy the defects the Steak House alleged Vance left. This owner later testified that the total amount *paid* to suppliers and subcontractors was $13,- 541.41; in addition, the owners spent around $2000 for maintenance and repair work. *Vance*, 677 S.W.2d at 483.

Vance testified his claim was for the net amount due after giving the Steak House credit for bills Vance knew the Steak House had paid. The supreme court held the owner's testimony about the amounts he paid to workmen and suppliers was competent evidence of the cost of repairs. *Vance*, 677 S.W.2d at 483. The supreme court concluded the contractor's evidence was enough to enable the jury to confront and resolve the issue about the cost of remedying the defects in the building. *Vance*, 677 S.W.2d at 483.

The supreme court said, "If an injured party has produced the best evidence available, and if it is sufficient to afford a reasonable basis for determining his loss, he is not to be denied a recovery because the exact amount of the damage is incapable of ascertainment." *Vance*, 677 S.W.2d at 484. The supreme court held the evidence sufficient to raise a fact question about the cost of remedying the defects. We conclude expert testimony about the reasonable cost of remedying the defects in a locality is not necessary. We hold Weitzul's testimony sufficient to raise a fact question on the cost of remedying the defects in the landscape contract. We overrule Weitzul's third point of error.

---

**3.** The law should not concern itself with trifling matters.

### FAILURE TO SUBMIT QUESTION ON AFFIRMATIVE DEFENSE

#### A. Weitzul's Contentions

In its fourth point of error, Weitzul contends the trial court erred by refusing to submit a question on Weitzul's affirmative defense of material breach of the contracts by Outdoor. Weitzul contends it pleaded breach of contract as an affirmative defense, put on evidence of the breach, and was entitled to the issue. Weitzul argues the trial court's failure to submit the defensive issue was reversible error. We disagree.

Weitzul pleaded that Outdoor materially breached the two contracts because Outdoor did not fully complete the contracts. Weitzul also pleaded that Outdoor had not given Weitzul credit for offsets due. Weitzul produced evidence that it took over the contract and spent money to complete and remedy defects. Weitzul put on evidence of the amount it paid to remedy those alleged defects.

#### B. Applicable Law

■ The trial court has broad discretion in submitting cases to the jury upon broad form questions. TEX.R.CIV.P. 277; *Texas Dep't of Human Serv. v. E.B.*, 802 S.W.2d 647, 649 (Tex.1990); *Burk Royalty Co. v. Walls*, 616 S.W.2d 911, 925 (Tex.1981). The trial court has that same broad discretion in submitting instructions and definitions to the jury. *Mobil Chem. Co. v. Bell*, 517 S.W.2d 245, 256 (Tex.1974).

■ An inferential rebuttal issue is one that seeks to disprove the existence of an essential element submitted in another issue. *Select Ins. Co. v. Boucher*, 561 S.W.2d 474, 477 (Tex.1978). The trial court should not submit inferential rebuttal issues to the jury. TEX.R.CIV.P. 277; *Select Ins. Co.*, 561 S.W.2d at 479. The proper method to submit an inferential rebuttal issue is by instruction, not by question. *See* TEX.R.CIV.P. 277.[4]

■ In submitting instructions and questions to the jury, the trial court abuses its discretion only when it acts without reference to any guiding principle. *Texas Dep't of Human Serv.*, 802 S.W.2d at 649. No abuse of discretion occurs absent a showing of denial of a party's rights that was reasonably calculated to cause and probably did cause rendition of an improper verdict. *See Security Sav. Ass'n v. Clifton*, 755 S.W.2d 925, 933 (Tex.App.—Dallas 1988, no writ). In determining whether the trial court abused its discretion, we may not substitute our judgment for that of the trial court. *Multi–Moto v. ITT Commercial Fin.*, 806 S.W.2d 560, 567 (Tex.App.—Dallas 1990, writ denied). We must decide only whether the trial court's action was arbitrary or unreasonable. *Landry v. Traveler's Ins. Co.*, 458 S.W.2d 649, 651 (Tex.1970).

#### C. Application of Law to the Facts

■ The trial court submitted the case on broad form issues. TEX.R.CIV.P. 277; *see Island Rec. Dev. v. Republic of Tex. Sav.*, 710 S.W.2d 551, 555 (Tex.1986). Weitzul's requested question of material breach was an inferential rebuttal issue. The trial court should not submit inferential rebuttal issues to the jury. TEX. R.CIV.P. 277; *Select Ins. Co.*, 561 S.W.2d at 479.

The trial court submitted the case to the jury on theories raised by the evidence introduced by both Outdoor and Weitzul. By submitting a substantial performance question to the jury, the trial court acknowledged Outdoor might not have fulfilled its bargain under the contracts and might have breached the agreements. This question also permitted Weitzul to argue to the jury that Outdoor's performance was not substantial because its defective performance was a material breach of the contracts. By submitting the damage issue with an instruction that Outdoor could recover the contract price less the reasonable cost of completion and remedying any defects, the trial court allowed the jury to recognize Weitzul's claim for backcharges. We hold the trial court fairly submitted the case to the jury. The trial court did not

---

**4.** Weitzul did not request an instruction on material breach.

abuse its discretion by refusing to submit Weitzul's requested question. *Security Sav. Ass'n,* 755 S.W.2d at 933. We overrule Weitzul's point of error number four.

## ARE THE ATTORNEY'S FEES AWARDED IMPROPER?

 In its fifth point of error, Weitzul contends the trial court erred in awarding Outdoor attorney's fees because Outdoor did not segregate the fees claimed under the two contracts from the fees claimed for quantum meruit cause of action.

At trial, Weitzul's objection to the submission of the attorney's fees question to the jury was:

There is no testimony in this case by [Outdoor's counsel] or any other individual apportioning or segregating attorney's fees between the sprinkler contract and the landscaping contract or the quantum meruit claim, and because there's no testimony segregating the various causes of action, then the plaintiff may not be entitled to recover on any one lawyer's actions. Question number five is improper, has lumped together all attorney's fees that [plaintiff's counsel] has claimed in this case and does not apportion a percent to a specific. . . .

The trial court overruled the objection stating:

I believe that that can be argued in reduction of his attorney's fee recovery.

Weitzul's argument at trial and before this Court is that Outdoor's failure to segregate its attorney's fees between the three causes of action defeats Outdoor's claim for attorney's fees in its entirety. Weitzul argues that because Outdoor's claims involved different work, done at different times, different theories of recovery, and different evidence, Outdoor should have segregated its attorney's fees between the contracts and the quantum meruit claim. Weitzul relies on *Southern Concrete Co. v. Metrotec Fin., Inc.,* 775 S.W.2d 446 (Tex.App.—Dallas 1989, no writ), to support this argument. Weitzul's reliance on *Southern Concrete* is misplaced.

*Southern Concrete* holds that when two or more causes of action are involved, the party asserting those causes must allocate the time spent between those for which attorney's fees may be recovered and those for which attorney's fees may not be recovered. *See Southern Concrete,* 775 S.W.2d at 449; *see also Bullock v. Kehoe,* 678 S.W.2d 558, 560 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.).

 A party must base its claim for attorney's fees on some statutory or contractual authority. *Southern Concrete,* 775 S.W.2d at 449; *Tibbetts v. Tibbetts,* 679 S.W.2d 152, 154 (Tex.App.—Dallas 1984, no writ). A party may recover attorney's fees for claims arising out of written contracts or quantum meruit. *Burditt v. Sisk,* 710 S.W.2d 114, 116 (Tex.App.—Corpus Christi 1986, no writ); *see* TEX.CIV.PRAC. & REM. CODE ANN. § 38.001(1), (2), (3) (Vernon 1986). Outdoor asserted claims against Weitzul based upon written contracts and quantum meruit.

Weitzul did not controvert Outdoor's attorney's fees evidence at trial. When Weitzul's attorney argued to the jury about Outdoor's attorney's fees, he said:

Question number five talks about attorneys' fees. I have no dispute with the amounts claimed by Mr. Cischke and the work that was done by his predecessor, Mr. Rodehaver, but the question asks what is the necessary legal work done for Outdoor Environs on this case. And if you look at it as far as necessary, if Outdoor Environs had accepted the twelve-oh-five [the unpaid balance of the landscape contract] and the four-seventy-seven-fifty [the unpaid balance of the sprinkler contract] back in February of '89, then this whole lawsuit is not necessary.

If this is all of the money that you find that Outdoor Environs is owed, then their attorneys' fees are not necessary. If you think that Outdoor Environs is owed more than that amount of money, then you need to put in that attorneys' fees amount that Mr. Cischke asked you to do.

The jury returned a verdict for Outdoor on the sprinkler and landscaping contract claims. The jury denied Outdoor any recovery on its quantum meruit claim. However, the jury awarded Outdoor the total amount of fees Outdoor's lawyer requested. The result of the jury's verdict was that Outdoor recovered on only two of the three claims it asserted but recovered attorney's fees for the work done to prepare and try all three causes of action.

■■■ Weitzul's argument ignores the exception to the general rule set out in *Southern Concrete*. This exception to the duty to segregate arises when the attorney's fees rendered involve claims arising out of the same transaction and are so interrelated that their prosecution or defense entails proof or denial of essentially the same facts. *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 11 (Tex.1991). Thus, where a party recovers on each cause of action or where the causes of action are so intertwined that they are more or less inseparable, the court may award the total amount of attorney's fees found by the fact finder if the attorney's fees are authorized by the causes upon which the party does recover. *See De la Fuente v. Home Sav. Ass'n*, 669 S.W.2d 137, 146 (Tex.App.—Corpus Christi 1984, no writ).

Here, Outdoor's causes of action were dependent upon the same set of facts or circumstances for their existence. Outdoor could recover attorney's fees on each of the three causes of action it asserted. The three causes of action were so intertwined that they are more or less inseparable. We conclude Outdoor may recover the total amount of attorney's fees the trial court awarded because attorney's fees are authorized on the two causes of action upon which Outdoor recovered. *De la Fuente*, 669 S.W.2d at 146.

Furthermore, Weitzul did not claim in the trial court, nor does it complain on appeal, that because Outdoor did not recover on its quantum meruit claim the attorney's fees the trial court awarded were excessive. We overrule Weitzul's point of error number five.

We affirm the trial court's judgment.