116 F.3d 1485
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ken FALLON; UNISYNC, Inc., Plaintiffs-Appellants,
v.
INTERNATIONAL BUSINESS MACHINES, INC.; G.C. Services
Limited Partnership, Computone, Inc., Defendants-Appellees.
 No. 95-56694.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 15, 1997.
 Withdrawn June 20, 1997.
 
 Appeal from the United States District Court Central District of California, Nos. 95-56694, CV-94-00030-RT; Robert J. Timlin, District Judge, Presiding.
 BEFORE: FARRIS, KOZINSKI, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Fallon and Unisync appeal the grants of summary judgment. Fallon also appeals the district court's award of attorney fees and costs against him.
 
 I.
 
 3
 The district court granted summary judgment in favor of IBM, concluding that there was no genuine issue of material fact as to whether wrongful acts by IBM caused the damages alleged. The record supports the court's conclusions. Unisync argues that IBM acted wrongfully in: (1) causing the IRS to believe that Unisync products did not work; (2) knowing and not informing the IRS that Unisync products worked; and (3) causing the Unisync products not to work. The first two theories were properly rejected on uncontroverted facts and law.
 
 
 4
 Unisync bases its third theory on an allegation that IBM denied Unisync testing equipment, "which effectively made compliance impossible." This allegation, even if true, fails as a matter of law in the absence of a duty from IBM to Unisync to provide the equipment. See Nipper v. California Automobile Assigned Risk Plan, 19 Cal.3d 35, 46-47 (1977); Tarasoff v. Regents of the University of California, 17 Cal.3d 425, 435 (1976). Summary judgment was appropriate.
 
 
 5
 Summary judgment against Unisync on its tortious interference claim against GC Services was also appropriate. The economic relationship allegedly interfered with was the contract between Unisync and GC Services. Under California law a party cannot tortiously interfere with a contract to which it is a party. Applied Equipment Corp. v. Litton Saudi Arabia, Ltd., 7 Cal.4th 503, 514 (1994).
 
 II.
 
 6
 Fallon contends that the district court erred in awarding attorney fees and costs against him, because he was not a party to the contract between GC Services and Unisync. We review de novo the question of entitlement to an award of attorney fees under state law. Resolution Trust Corp. v. Midwest Federal Savings Bank of Minot, 36 F.3d 785, 799 (9th Cir.1993).
 
 
 7
 The district court awarded attorney fees and costs for two distinct claims: GC Services' successful defense of the breach of contract claim against it, and GC Services' successful prosecution of its contract claim against Unisync. The court made a single award.
 
 
 8
 In his complaint, Fallon alleged that he was a party to the contract with GC services. That contract provided:
 
 
 9
 The prevailing party in any legal action brought by one party against the other and arising out of this Agreement shall be entitled ... to reimbursement for its expenses, including court costs and reasonable attorneys' fees.
 
 
 10
 Fallon, therefore, would have been entitled to recover attorney fees had he prevailed, and he is liable for attorney fees as the losing party.
 
 
 11
 But the district court could not award attorney fees and costs against Fallon for GC Services' contract-based counterclaim against Unisync, because there was no legal basis for such an award. Fallon was not a party to the contract. GC Services brought its counterclaim against Unisync, but not against Fallon. The district court initially agreed that an award against Fallon was inappropriate on the counterclaim: it awarded "other expenditures" in connection with the counterclaim solely against Unisync. But when Fallon raised the issue in connection with fees, the court refused to consider it.
 
 
 12
 GC Services first raises procedural arguments to defend the award. It contends that we lack jurisdiction because Fallon failed to file a separate notice of appeal of the fee award. Fallon filed his notice after entry of judgment on the merits of the claims, but before the award of fees. He did not file a second notice after the fee award.
 
 
 13
 "As a general matter ... a claim for attorney's fees is not part of the merits of the action." Budinich v. Becton Dickinson & Co., 486 U.S. 196, 200 (1988). A fee award is only final and appealable after the amount is determined. Intel Corp. v. Terabyte International, Inc., 6 F.3d 614, 617 (9th Cir.1993). Therefore, a notice of appeal "filed after ... judgment but before the determination of the fee amount, pertain[s] only to the merits of the litigation." Id. (emphasis omitted).
 
 
 14
 However, "the finality requirement must be given a practical rather than a technical construction," in which "we focus on what effect the court intended [its ruling] to have." Montes v. United States, 37 F.3d 1347, 1350 (9th Cir.1994) (dismissal of complaint). On this record, the judgment on the merits also finally determined Fallon's liability for fees. When Fallon opposed GC Services' fee request, GC Services argued that the court had already "rejected [Fallon's] position on that issue and indeed entered judgment against [him] on it." The court agreed with GC Services, and its ruling left no doubt that the issue had already been decided: "[D]espite any substantive merit of Fallon's legal argument, such argument is precluded by the existence of the filed and entered judgment." Fallon had already noticed an appeal of that judgment. We have jurisdiction to hear that appeal.
 
 
 15
 GC Services also argues that Fallon forfeited his right to appeal the award because he did not object to the form of the judgment or move to amend it. Though the order granting GC Services' motion for summary judgment had properly distinguished between Unisync and Fallon for purposes of a fee award, the subsequent judgment did not. Fallon did not object. But this failure to object does not prevent review. An appellate court may correct forfeited errors that are "plain" and that "seriously affect the fairness ... of judicial proceedings." United States v. Olano, 507 U.S. 725, 736 (1993) (correcting error under FRCrP 52(b)) (citing Connor v. Finch, 431 U.S. 407, 421 n. 19 (1977) (applying same plain error test to civil appeal)). " 'Plain' is synonymous with ... 'obvious.' " Olano, 507 U.S. at 734. Holding Fallon liable for attorney fees incurred by GC Services on its claim against a different party was an obvious error. It seriously affected the fairness of the proceedings by imposing liability without a legal basis.
 
 
 16
 GC Services also argues that the award of fees was not error under Texas law, which governs the contract claims. It contends that the court did not have to segregate the fees expended on GC Services' counterclaim from those expended on the action against it because: (1) the two actions arose out of the same transaction; and (2) the amount attributable to the counterclaim was nominal. These arguments lack merit. Though the actions arose out of related contract disputes, there was one critical difference: GC Services did not sue Fallon. None of the cases cited by GC Services establishes that segregation is unnecessary when the party against whom recovery is sought was never a defendant. See, e.g., Stewart Title Guaranty Co. v. Sterling, 822 S.W.2d 1, 5, 10-12 (Tex.1992) (segregation between claims against defendants that settle before trial and those that do not); see also id. at 10 ("the plaintiff [seeking fees] is required to show that the fees were incurred while suing the defendant sought to be charged with the fees"). Similarly, though "nominal" amounts need not always be segregated, no Texas court has applied this rule to impose fees against someone against whom no claim was ever asserted. See, e.g., Bullock v. Kehoe, 678 S.W.2d 558, 560 (Tex.Ct.App.1984) (segregation between claims against same defendant).
 
 
 17
 GC Services has acknowledged that approximately five percent of attorney fees related to the counterclaim. We therefore relieve Fallon of liability for this portion, $4,522.37, of the award.
 
 
 18
 Summary judgment is AFFIRMED. The award of attorney fees is AFFIRMED against Unisync and VACATED against Fallon, and the case is remanded for entry of a reduced fee award against Fallon. No costs.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3