A. E. POCKRUS et ux., Appellants,

v.

B. J. CONNELLY, Appellee.

No. 7677.

Court of Civil Appeals of Texas, Beaumont.

March 20, 1975.

Rehearing Denied April 10, 1975.

Thomas A. Melody, Dallas, for appellants.

Norton & Morrison, Dallas, for appellee.

STEPHENSON, Justice.

B. J. Connelly as plaintiff brought this action for specific performance of a sales contract against defendants A. E. Pockrus and wife Ella Pockrus. Defendants filed a cross action against plaintiff, J. C. Cook and Bea Cross for fraudulent misrepresentation in the sale. Bea Cross filed a cross action against defendants for a real estate commission and attorneys' fees. The judgment of the trial court is that plaintiff be granted specific performance of the sales contract, that Bea Cross recover her commission and attorneys' fees, and that defendants take nothing on their cross action. The parties will be referred to here as they were in the trial court or by name.

Defendants' first point of error is that the description in the sales contract is insufficient under the Tex.Bus. & Comm. Code Ann. § 26.01 (Supp.1974–1975), V.T. C.A., because it failed to identify any map or plat book, any volume number, any page number, or any connection with official records. Such description was as follows:

"[T]he following described property: Lying and situated in CITY OF DALLAS, DALLAS COUNTY TEXAS PROPERTY LOCATED AT 1948 ROYAL LANE. ALL OF LOT NO. 39 IN BLOCK 8383. PROPERTY HAS A DIMENSION AS FOLLOWS 240.2 FT. FRONTING ON ROYAL LANE, 229 FT. DEEP ON EAST SIDE. 210.2 FT. WIDE ON SOUTH. 226 FT. DEEP ON WEST SIDE. RITE OF WAY FOR WIDENING ROYAL LANE HAS BEEN TAKEN.

"ALL IMPROVEMENTS, STRUCTURES & FIXTURES TO REMAIN AND ARE PART OF THIS CONTRACT."

The trial court granted plaintiff's motion for summary judgment holding that the description was sufficient. We agree.

■ Such description not only gives the street address and the dimensions, but it also gives the lot and block number in the City of Dallas, Dallas County, Texas. The law on this subject is almost too well settled to merit citation of authority. In Morrow v. Shotwell, 477 S.W.2d 538 (Tex.1972) the rule is restated as follows:

"to be sufficient, the writing must furnish within itself, or by reference to some other existing writing, the means or data by which the land to be conveyed may be identified with reasonable certainty."

The only deficiency complained about here is that this description does not refer to a volume or page in the map records or deed records. No case cited by defendants, and none that we have found, holds that to be a fatal defect. Admittedly, a reference to the map records or deed records, is generally given and would not have been out of place in their description. However, we consider that objection to this description to be hyper-technical and not fatal. In fact, the land described in Loring v. Peacock, 236 S.W.2d 876 (Tex.Civ.App.—Fort Worth 1951, no writ), was almost identical to the one in our case. It gave a street number, and lot, and block, and was held to be sufficient. That point of error is overruled.

■ Defendants' second point of error is that plaintiff did not comply with the terms of the sales contract by tendering personal checks while such contract called for "cash." The evidence shows this sales contract and plaintiff's check in the amount of $1,000 were delivered to the branch manager for Stewart Title Company. The check was deposited in the escrow account, the title to the property was checked, and the papers were prepared. Plaintiff then came to the title office, signed his part of the papers and issued a check for the balance of the money due under the sales contract. The defendants were contacted and refused to close the transaction. Stewart Title Company was ready, willing, and able to issue a title policy on this property.

We construe the provision in the sales contract calling for a "cash" payment of $20,000 to have the usual and customary meaning. That is, to show that the purchaser must pay $20,000 at the time of closing and to defer the payment of the balance by the execution of a note. The word "cash" was used to distinguish the down payment from the credit payments. We think it would be a strained construction to require the payment of paper money and coins to comply with a requirement for a "cash" payment. See Stewart v. Selder, 473 S.W.2d 3 (Tex.1971). The point is overruled.

Defendants' third point of error complains of the allowance by the trial court of the question of attorneys' fees to go to the jury because such attorneys' fees were not mentioned in the contract. Bea Cross was the real estate agent representing the defendants in this sale. Her cross action against them was for the real estate commission plus reasonable attorneys' fees. The judgment garnted Bea Cross $2,700 as commission and $1,000 attorneys' fees which was the amount found by the jury.

There were no instructions given to the jury in connection with the special issue submitted concerning the amount of attorneys' fees. Also, there is only a partial statement of facts, and there is no way for this court to know what evidence the jury had as to the reasonable value of such services.

■■ Bea Cross was entitled to recover attorneys' fees in conjunction with her cross action for her real estate commission

under Vernon's Tex.Rev.Civ.Stat.Ann. art. 2226 (Supp. 1974–1975). See Shirey v. Albright, 404 S.W.2d 152 (Tex.Civ.App.—Corpus Christi 1966, writ ref'd n. r. e.). Services of a real estate broker have repeatedly been held to be personal services within the meaning of art. 2226. Upon the trial, it was the burden of Bea Cross to allocate the amount of her attorneys' fees to the claim for the commission and to those incurred in defense of the cross action. Modine Mfg. Co. v. North East Independent Sch. Dist., 503 S.W.2d 833, 845 (Tex. Civ.App.—Beaumont 1973, writ ref'd n. r. e.). But the record before us does not show affirmatively that any part of the $1,000 attorneys' fees was for services rendered for Bea Cross in defense of the cross action against her. Defendant has not shown error in the allowance of the fees.

Affirmed.