**James Earl HOGUE, Appellant,**

v.

**BLUE BELL CREAMERIES, L.P., d/b/a Blue Bell Ice Cream, Inc., Appellee.**

**No. 06–95–00090–CV.**

Court of Appeals of Texas, Texarkana.

Submitted Jan. 17, 1996.

Decided March 7, 1996.

Rehearing Overruled May 7, 1996.

Robert D. Bennett, Griffith & Bennett, Gilmer, for appellant.

R. W. (Ricky) Richards, Dwight L. Phifer, Phifer & Richards, Jacksonville, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

James Earl Hogue, a former employee of Blue Bell Creameries, brought suit against Blue Bell for wrongfully discharging him in violation of Tex.Rev.Civ.Stat.Ann. § 8307c (Workers' Compensation Act).[1] After a jury decided against Hogue, he moved for new trial and for judgment non obstante veredicto in the trial court. The trial court denied both motions, and Hogue appealed.

Hogue worked for Blue Bell as a driver and salesman from 1986 until May 1992. On May 25, 1992, he injured his back while performing his duties on his route. On that same day, Hogue instituted a Workers' Compensation proceeding seeking benefits for his injury. Hogue returned to work in June 1992.

Blue Bell transferred Hogue's route to the Ruston, Louisiana, branch of operations in July 1992. After Hogue declined to be transferred[2] along with his route, Blue Bell created a position for Hogue as a shipping clerk. Hogue continued to have back problems and left work under doctor's orders on August 6, 1992.

When Hogue left Blue Bell in August 1992, Blue Bell repeatedly asked for some indication of when Hogue could return to work. Blue Bell maintained that Hogue would give them no such indication, Hogue's attitude was poor, and his benefits were running out. On September 25, 1992, Blue Bell removed Hogue from the payroll[3] and invited him to return to work when he recovered. Hogue never returned to work and the Social Security Administration subsequently declared him disabled under their standards.

Hogue sued for retaliatory discharge under the Texas Workers' Compensation Act. The case was tried to a jury, which returned a verdict for Blue Bell. The judgment against Hogue was rendered on June 13, 1995, and Hogue's motions for new trial and judgment non obstante veredicto were denied on August 2, 1995.

By his first point of error, Hogue contends that the trial court erred in overruling his motions for new trial and judgment non obstante veredicto because the evidence showed, as a matter of law, that Hogue's workers' compensation claim was a factor in Blue Bell's decision to terminate him.

■ In reviewing a matter of law challenge, we must first examine the record for

1. Act of April 22, 1971, 62nd Leg., ch. 115, § 1, 1971 Tex.Gen.Laws 884, *repealed by* Act of May 12, 1993, 73rd Leg., ch. 269, § 5(1), 1993 Tex. Gen.Laws 1273 (current version found at Tex.Lab. Code Ann. § 451.001 (Vernon 1996)).

2. Blue Bell contends that when Hogue began working in 1986, he promised that he would move to the Ruston branch when the route was transferred and that they relied to their detriment on Hogue's promise.

3. Blue Bell maintained that the decision to terminate Hogue was based upon sound business judgment. They had created the position of assistant shipping clerk especially for Hogue and, by the fall, business had declined and this position was no longer necessary.

evidence that supports the jury's finding, while ignoring all evidence to the contrary. *Victoria Bank & Trust Co. v. Brady,* 811 S.W.2d 931, 940 (Tex.1991); *Sterner v. Marathon Oil Co.,* 767 S.W.2d 686, 690 (Tex.1989). If there is no evidence to support the jury's finding, we must then examine the entire record to determine if the contrary proposition is established as a matter of law. *Brady,* 811 S.W.2d at 940; *Sterner,* 767 S.W.2d at 690. We will sustain the point only if the contrary proposition is conclusively established. *Meyerland Community Improvement Ass'n v. Temple,* 700 S.W.2d 263, 267 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.).

■■■ At the time of Hogue's discharge, the Texas Workers' Compensation Act provided that:

> No person may discharge or in any other manner discriminate against any employee because the employee has in good faith filed a claim, hired a lawyer to represent him in a claim, instituted, or caused to be instituted, in good faith, any proceeding under the Texas Workmen's Compensation Act, or has testified or is about to testify in any such proceeding.

TEX.REV.CIV.STAT.ANN. § 8307c(1). Under this statute, the employee has the burden of proving a causal link between the filing of the claim and his discharge.[4] *Palmer v. Miller Brewing Co.,* 852 S.W.2d 57, 61 (Tex.App.—Fort Worth 1993, writ denied); *Investment Properties Management v. Montes,* 821 S.W.2d 691, 694 (Tex.App.—El Paso 1991, no writ). This link may be shown by circumstantial evidence. *Palmer,* 852 S.W.2d at 61. Such circumstantial evidence includes:

- knowledge of the claim by those making the decision to terminate;

- a negative attitude toward the employee's injured condition;

- failure to follow company policy when disciplining an employee who made a claim; and

- discriminatory treatment of this employee when compared to the treatment of other employees with this same disciplinary problem.

*Continental Coffee Products Co. v. Cazarez,* 903 S.W.2d 70, 77–78 (Tex.App.—Houston [14th Dist.] 1995, writ granted); *Palmer,* 852 S.W.2d at 61; *Paragon Hotel Corp. v. Ramirez,* 783 S.W.2d 654, 658 (Tex.App.—El Paso 1989, writ denied). An employee does not have to prove that his or her workers' compensation claim was the sole reason for termination, but merely that the claim was a factor in the employer's decision to terminate. *Palmer,* 852 S.W.2d at 62; *Trevino v. Corrections Corp. of America,* 850 S.W.2d 806, 808 (Tex.App.—El Paso 1993, writ denied); *Southwestern Elec. Power Co. v. Martin,* 844 S.W.2d 229, 232 (Tex.App.—Texarkana 1992, writ denied).

■■■ Because there was no direct evidence of discrimination in this case, Hogue must rely on circumstantial evidence to make his prima facie showing that Blue Bell discharged him in violation of the Workers' Compensation Act. Hogue did prove by circumstantial evidence that Blue Bell knew of his claim when he was discharged. He presented no evidence, however, of the other factors delineated in the above case law—that Blue Bell had a negative attitude toward his injured condition, failed to follow company procedures in disciplining him, or treated him differently from other employees with the same disciplinary problems.

Blue Bell listed the following reasons for Hogue's termination:

> [Hogue] would not give indication when he would return to work, had been off for more than six weeks, and made no indication that he wanted his job. In fact, he

---

4. Once the employee makes a prima facie showing of this causal link, the burden shifts to the employer to rebut the alleged discrimination by showing a legitimate reason for the employee's discharge. *Palmer v. Miller Brewing Co.,* 852 S.W.2d 57, 61 (Tex.App.—Fort Worth 1993, writ denied); *Trevino v. Corrections Corp. of America,* 850 S.W.2d 806, 808 (Tex.App.—El Paso 1993, writ denied); *Southwestern Elec. Power Co. v. Martin,* 844 S.W.2d 229, 232 (Tex.App.—Texarkana 1992, writ denied); *Hughes Tool Co. v. Richards,* 624 S.W.2d 598, 599 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.), *cert. denied,* 456 U.S. 991, 102 S.Ct. 2272, 73 L.Ed.2d 1286 (1982).

had a negative attitude concerning his continued employment with Blue Bell.

Blue Bell also stated that Hogue's failure to transfer to Ruston, after he had promised to do so, was a factor in their decision to take Hogue off the payroll. Blue Bell additionally presented evidence that Hogue's route change was scheduled before his injury, that Blue Bell created a position for Hogue when he refused to be transferred despite his injured condition, that Blue Bell kept Hogue's position open for a month after he left without indication of when he would return, and that Blue Bell invited Hogue to return to work when he was able.

Hogue argues that implicit in the right to file a workers' compensation claim is the right to a reasonable time of recovery without termination by the employer. He cites no cases, however, holding that an employer must not discharge an employee until he is released from his or her doctor's care.

The Texas Supreme Court has ruled that an employee's subjective belief that he has been fired because of his workers' compensation claim is conclusory and not enough to make his prima facie showing. *Texas Division—Tranter, Inc. v. Carrozza*, 876 S.W.2d 312, 314 (Tex.1994) (holding that an employer is entitled to a judgment as a matter of law when the employee fails to make this prima facie showing and the employer advances a legitimate reason for the employee's discharge). As outlined above, Blue Bell advanced several reasons for Hogue's discharge, and Hogue failed to meet his burden in proving the necessary causal connection between his discharge and his filing of a workers' compensation claim. The verdict of the jury is therefore not erroneous as a matter of law.

■ Also, Hogue filed a partial statement of facts in this appeal. In the absence of a complete statement of facts, an appellate court must presume that the omitted evidence supports the jury's verdict. *See Schafer v. Conner*, 813 S.W.2d 154, 155 (Tex.1991); *Englander Co. v. Kennedy*, 428 S.W.2d 806, 807 (Tex.1968); *Kwik Wash Laundries, Inc. v. McIntyre*, 840 S.W.2d 739, 741–42 (Tex. App.—Austin 1992, no writ). Accordingly, this point of error is overruled.

■ By his second point of error, Hogue contends that the trial court erred in refusing to submit his requested jury instruction, which Hogue contends was a correct statement of the law. In this case, Hogue tendered the following instruction:

An employee is discharged or discriminated against because of a workers' compensation claim if the claim was a contributing factor in the decision to terminate. It need not be the sole or primary cause.

The trial court denied this request and gave the jury the following question and instruction regarding the retaliatory discharge issue:

Did Blue Bell Creameries discharge James Earl Hogue in violation of the Texas Workers' Compensation Act?

The Texas Workers' Compensation Act provides that no person may discharge or in any other manner discriminate against an employee because the employee has in good faith filed a claim, hired a lawyer to represent him in a claim, instituted, or caused to be instituted in good faith, any proceeding under the Texas Workers' Compensation Act, or has testified or is about to testify in any such proceeding.

Hogue contends that the trial court should have included his instruction because it was a correct statement of the law.

■ A trial court has broad discretion in determining what instructions to submit to a jury. *Mobil Chemical Co. v. Bell*, 517 S.W.2d 245, 256 (Tex.1974); *Melissinos v. Phamanivong*, 823 S.W.2d 339, 344 (Tex. App.—Texarkana 1991, writ denied); *Louisiana & Arkansas Ry. Co. v. Capps*, 766 S.W.2d 291, 293 (Tex.App.—Texarkana 1989, writ denied); *see also* Tex.R.Civ.P. 278.

Texas Rules of Civil Procedure provide:

In all jury cases the court shall, whenever feasible, submit the cause upon broad-form questions. The court shall submit such instructions and definitions as shall be proper to enable the jury to render a verdict.

Tex.R.Civ.P. 277. A proper instruction is one that assists the jury and is legally correct. *First State Bank & Trust Co. of Edin-*

*burg v. George,* 519 S.W.2d 198, 207 (Tex.Civ. App.—Corpus Christi 1974, writ ref'd n.r.e.). An issue that fails to guide the jury to a proper finding is defective. *Jackson v. Fontaine's Clinics,* 499 S.W.2d 87 (Tex.1973).

 The tracking of a statute is usually sufficient for a legal instruction to the jury. *Spencer v. Eagle Star Ins. Co. of America,* 876 S.W.2d 154 (Tex.1994). Causation, however, is an important factor in the findings of the jury, and case law has interpreted this statute to require only that the worker show that his workers compensation claim in some way contributed to the company's discrimination against him. *Jones v. Roadway Express, Inc.,* 931 F.2d 1086 (5th Cir.1991); *Martin,* 844 S.W.2d at 232; *General Elec. Co. v. Kunze,* 747 S.W.2d 826, 830 (Tex. App.—Waco 1987, writ denied).

In *Panola Junior College v. Estate of Thompson,* this Court wrote on the issue of a causation instruction in a workers' compensation case. 727 S.W.2d 677 (Tex.App.—Texarkana 1987, writ ref'd n.r.e.). In that case, the employer complained on appeal that the trial court failed to give an instruction to the effect that if the injury was solely caused by some nonwork-related condition, it could not be a producing cause of the worker's incapacity. The trial court in that case did give a charge to finding producing cause as an injury or condition which, either independently or together with one or more injuries or conditions, results in the incapacity and without which such incapacity would not have occurred when it did. Furthermore, the court held that the employee had not borne its burden of proof by offering any evidence to show that some other condition was the sole proximate cause of the incapacity. This case is distinguishable from the present case, because in this case we have a worker seeking an instruction to the fact that he does not have to show sole proximate cause in obtaining relief.

In the present case, the jury question and instruction asked the jury if Hogue was discharged because he instituted a proceeding under the Texas Workers' Compensation Act. This gave the jury no clue as to whether Hogue had to show that this was the only reason for his discharge or, as provided by case law, that this was a factor attributing to the company's basis for discharging him. Without this guidance, a jury could not determine if Hogue's discharge was in violation of the Texas Workers' Compensation Act. Causation was a hidden element in the question to the jury, and the jury was invited to speculate whether this had to be the only factor in the discharge.

 This failure to instruct was error. This error will be reversible only if, when viewed in the light of the totality of the circumstances, it amounts to such a denial of Hogue's rights that it was reasonably calculated to and probably did cause the rendition of an improper judgment. *See* Tex.R.App.P. 81(b)(1); *Island Recreational Dev. Corp. v. Republic of Texas Savings Ass'n,* 710 S.W.2d 551, 555 (Tex.1986).

The charge in this case could have led the jury to believe that Hogue had to prove that his workers' compensation claim was the only reason Blue Bell terminated him when, according to the case law, he only had to prove that his claim was a factor in Blue Bell's decision to terminate him. As discussed under Hogue's first point of error, however, Hogue failed to meet his burden of proving a prima facie case of discrimination.[5] On the other hand, Blue Bell advanced the following reasons for Hogue's termination: Hogue's failure to transfer to the Ruston branch; Hogue's negative attitude; and Hogue's failure to give them any indication of when he could return to work. Because Hogue failed to make this prima facie showing and Blue Bell advanced legitimate reasons for Hogue's discharge, Blue Bell would have been entitled to a judgment as a matter of law in this case.

**5.** The only evidence that Hogue presented to prove his discrimination case was that Blue Bell had knowledge of Hogue's claim when they terminated him. While Texas cases have held that this may be circumstantial evidence of retaliatory discharge, *Continental Coffee Products Co. v. Cazarez,* 903 S.W.2d 70, 77–78 (Tex.App.—Houston [14th Dist.] 1995, writ granted), *Palmer v. Miller Brewing Co.,* 852 S.W.2d 57, 61 (Tex.App.—Fort Worth 1993, writ denied), *Paragon Hotel Corp. v. Ramirez,* 783 S.W.2d 654, 658 (Tex.App.—El Paso 1989, writ denied), no Texas cases have held that this factor alone may establish an employee's prima facie case of discrimination.

*See Carrozza,* 876 S.W.2d at 314. Therefore, any error in the charge to the jury is harmless because it could not have caused the rendition of an improper judgment. Accordingly, this point of error is overruled.

The judgment of the trial court is affirmed.