Pamela Marie DEPRITER, Appellant,

v.

TOM THUMB STORES, INC., Appellee.

No. 05–95–00392–CV.

Court of Appeals of Texas, Dallas.

May 31, 1996.

Rehearing Overruled July 23, 1996.

---

John E. Wall, Jr., Law Offices of John E. Wall, Jr., Dallas, for Appellant.

Joann N. Wilkins, Burford & Ryburn, L.L.P., Dallas, for Appellee.

Before JAMES, WRIGHT and HANKINSON, JJ.

1. Appellant was terminated on March 16, 1992. Thus, her claim is governed by section 8307c of the Texas Workers' Compensation Act in effect at that time. *See* Act of Apr. 22, 1971, 62nd Leg., R.S., ch. 115, § 1, 1971 Tex. Gen. Laws 884, 884,

## OPINION

WRIGHT, Justice.

In a single point of error, appellant asserts the trial court erred in not submitting a proffered jury instruction. We overrule appellant's point of error and affirm the trial court's judgment.

## BACKGROUND

Appellant was employed by Tom Thumb Stores, Inc. (Tom Thumb) for several years. She injured her back while assisting a customer at the checkout counter. As a consequence of her back injury, appellant had to change job assignments.

Appellant was transferred to accounts payable. Things did not go well in accounts payable, and appellant was terminated.

Appellant brought suit against Tom Thumb asserting she was terminated in whole or in part because of her workers' compensation claim in violation of article 8307c.[1] Tom Thumb denied the allegation and claimed that it fired appellant for reasons unrelated to her compensation claim. The jury rendered a verdict in favor of Tom Thumb.

## STANDARD OF REVIEW

We review a trial court's refusal to submit a jury instruction under an abuse of discretion standard. *Thomas v. Oldham*, 895 S.W.2d 352, 360 (Tex.1995); *European Crossroads' Shopping Ctr., Ltd. v. Criswell*, 910 S.W.2d 45, 54 (Tex.App.—Dallas 1995, writ denied); *Weitzul Constr., Inc. v. Outdoor Environs*, 849 S.W.2d 359, 365 (Tex.App.—Dallas 1993, writ denied). A trial court abuses its discretion in this context when its action is arbitrary or unreasonable. *European Crossroads'*, 910 S.W.2d at 54. A trial court may also abuse its discretion when it acts without reference to any guiding rules

*repealed by* Act of Sept. 1, 1993, 73rd Leg., R.S., ch. 269, § 5, 1993 Tex. Gen. Laws 1273 (current version codified at TEX. LAB.CODE ANN. § 451.001 (Vernon Pamph.1996)).

or principles. *Weitzul Constr.*, 849 S.W.2d at 365.

Appellant's appeal centers on the following jury question:

> Did Tom Thumb Stores, Inc. discharge Pamela DePriter in violation of the Texas Workers' Compensation Act?
>
> The Texas Workers' Compensation Act provides that no person may discharge an employee because the employee has in good faith filed a claim, hired a lawyer to represent her in a claim, instituted or caused to be instituted in good faith, any proceeding under the Texas Workers' Compensation Act, or has testified or is about to testify in any such proceeding.
>
> The preceding paragraph applies with equal force to employers who do not carry workers' compensation insurance as it does to those employers who do carry workers' compensation insurance.

The jury answered the foregoing question "no." Appellant asserts the trial court erred in not submitting the following tendered instruction:

> You are instructed that a Plaintiff has the burden of establishing a link between her discharge from employment with Defendant and her workers' compensation proceeding. Plaintiff need not prove her discharge from employment was solely because of a workers' compensation proceeding, but must prove that her proceeding under the Texas Workers' Compensation Act was at least a factor in her discharge.

At the charge conference, appellant argued she was entitled to the foregoing instruction because "the case law provides that the Plaintiff need not prove the condition of compensation received was the sole cause, but rather was a cause or a factor of the discharge." The trial court refused to submit the foregoing instruction by written order.[2] The trial court did advise appellant that she

could "argue that from the wording of the question itself."

## APPLICABLE LAW

The Texas Rules of Civil Procedure require a trial court to "submit such instructions and definitions as shall be proper to enable the jury to render a verdict." Tex.R. Civ. P. 277. When statutory violations are the basis of jury questions, the questions should be submitted in terms as close as possible to the language of the statute. *Spencer v. Eagle Star Ins. Co.*, 876 S.W.2d 154, 157 (Tex.1994); *Lester v. Logan*, 893 S.W.2d 570, 576 (Tex.App.—Corpus Christi 1994), *writ denied per curiam*, 907 S.W.2d 452 (Tex.1995); *Castro v. United States Natural Resources, Inc.*, 880 S.W.2d 62, 65 (Tex. App.—San Antonio 1994, writ denied).

A trial court should submit explanatory instructions when in its sole discretion, it determines that the instructions will help the jury to understand the meaning and effect of the applicable law and presumptions. *Angelo Broadcasting, Inc. v. Satellite Music Network, Inc.*, 836 S.W.2d 726, 735 (Tex. App.—Dallas 1992, writ denied); *Security Sav. Ass'n v. Clifton*, 755 S.W.2d 925, 933 (Tex.App.—Dallas 1988, no writ). A trial court must define words and phrases that have a distinct legal meaning. *Angelo Broadcasting, Inc.*, 836 S.W.2d at 735; *Security Sav. Ass'n*, 755 S.W.2d at 933.

> Anything else, no matter how interesting or relevant to the case, which does not aid the jury in answering the issue is not required to be submitted. This is because an explanatory instruction serves only to aid and assist the jury in answering the questions submitted by the court. Therefore, explanatory instructions should be submitted when, in the sole discretion of a trial court, they will help the jury to understand the meaning and effect of the applicable law and presumptions.

---

2. Tom Thumb asserts appellant has failed to preserve error because the proposed instruction was not substantially correct. We disagree. Appellant's proposed instruction was sufficient to preserve the complained-of error. *See State Dep't of Highways v. Payne*, 838 S.W.2d 235, 241 (Tex. 1992) ("There should be but one test for deter-

mining if a party has preserved error in the jury charge, and that is whether the party made the trial court aware of the complaint, timely and plainly, and obtained a ruling."). Appellant's argument at the charge conference further clarified her objection.

*Security Sav. Ass'n,* 755 S.W.2d at 933 (citations omitted). More recently, this Court has noted that trial courts should refuse to submit unnecessary instructions even if they are legally correct statements. *European Crossroads',* 910 S.W.2d at 54.

■ Article 8307c provided in relevant part that:

No person may discharge or in any other manner discriminate against any employee because the employee has in good faith filed a claim, hired a lawyer to represent him in a claim, instituted, or caused to be instituted in good faith, any proceeding under the Texas Workmen's Compensation Act, or has testified or is about to testify in any such proceeding.

Act of Apr. 22, 1971, 62nd Leg., R.S., ch. 115, § 1, 1971 Tex. Gen. Laws 884, 884, *repealed by* Act of Sept. 1, 1993, 73rd Leg., R.S., ch. 269, § 5, 1993 Tex. Gen. Laws 1273 (current version codified at TEX. LAB.CODE ANN. § 451.001 (Vernon Pamph.1996)). In order to establish a claim under article 8307c, a plaintiff need only show that there was a causal connection between her compensation claim and her termination. *Hunt v. Van Der Horst Corp.,* 711 S.W.2d 77, 79 (Tex.App.—Dallas 1986, no writ); *Continental Coffee Prods. Co. v. Cazarez,* 903 S.W.2d 70, 77 (Tex.App.—Houston [14th Dist.] 1995, writ granted); *Palmer v. Miller Brewing Co.,* 852 S.W.2d 57, 61 (Tex.App.—Fort Worth 1993, writ denied) (using the terms "causal connection" and "causal link" interchangeably); *see Carrozza v. Texas Division–Tranter, Inc.,* 876 S.W.2d 173, 175 (Tex.App.—Fort Worth) (holding "causal link" sufficient), *rev'd on other grounds, per curiam,* 876 S.W.2d 312 (Tex.1994). The compensation claim need not be the only reason for the termination. *Hunt,* 711 S.W.2d at 79; *Continental Coffee,* 903 S.W.2d at 77.

The Texas Supreme Court has elaborated on the standard of causation and the meaning of the word "because" as used in article 8307c and similar statutes.

These arguments persuade us that the standard of causation in whistleblower and similar cases should be that the employee's protected conduct must be such that, without it, the employer's prohibited conduct would not have occurred when it did. We think this best protects employees from unlawful retaliation without punishing employers for legitimately sanctioning misconduct or harboring bad motives never acted upon.

*Texas Dep't of Human Servs. v. Hinds,* 904 S.W.2d 629, 636 (Tex.1995). In *Hinds,* the supreme court was construing the Whistleblower Act. *See* TEX. GOV'T CODE ANN. §§ 554.001–.010 (Vernon Supp.1996). However, the supreme court specifically noted that the Whistleblower Act's use of the word "because" was analogous to article 8307c's use of the word. *Hinds,* 904 S.W.2d at 633.

## APPLICATION OF LAW TO FACTS

■ The gravamen of appellant's argument is that "[t]he question which was submitted to the jury as to DePriter's burden of proof required a finding that Plaintiff was terminated 'because' of her workers' compensation proceeding." Appellant argues that the word "because" as used in the charge improperly implied that the workers' compensation proceeding had to be the sole cause for the termination.

The charge submitted by the trial court tracked the language of article 8307c. Act of April 22, 1971, 62nd Leg., R.S., ch. 115, § 1, 1971 Tex. Gen. Laws 884, 884. The word "because" as used in article 8307c is not a legal term requiring a special definition. *See Angelo Broadcasting, Inc.,* 836 S.W.2d at 735. The common meaning of "because" is consonant with the judicial interpretations of the term as used in article 8307c. The instruction did not require the jury to find that the workers' compensation claim was the sole cause of appellant's termination. An additional instruction on the standard of causation would have resulted in submission of a shade of the instruction already given. The charge used by the trial court correctly advised the jury as to the proper standard of causation.[3] Therefore, the trial court was

---

**3.** We respectfully disagree with the contrary analysis of the Sixth Court of Appeals. *See Hogue v. Blue Bell Creameries, L.P.,* 922 S.W.2d 566, 571 (Tex.App.—Texarkana 1996, n.w.h.). In *Hogue,* the Sixth Court of Appeals concluded that an instruction similar to the one submitted in this

not obligated to further define "because" or submit appellant's requested instruction. *See Angelo Broadcasting, Inc.*, 836 S.W.2d at 735. The trial court expressly authorized appellant to elaborate on the standard of causation during closing arguments. However, appellant's counsel admitted in oral argument before this Court that he did not do so for tactical reasons.

The trial court could have submitted further instructions regarding the word "because." However, it was not required to do so. *See* TEX.R. CIV. P. 277. The trial court did not abuse its discretion in declining to submit appellant's proposed instruction. We overrule appellant's point of error and affirm the trial court's judgment.

JAMES, J., dissents.

JAMES, Justice, dissenting.

I respectfully dissent. I agree with the majority that Depriter properly preserved error by submitting a substantially correct jury instruction. However, because I conclude that the trial court should have submitted an instruction on causation to the jury, I would reverse the trial court's judgment.

**PRESERVATION OF ERROR**

Depriter's tendered instruction instructed the jury she had the burden of establishing a link between her discharge and her workers' compensation proceeding. It also stated Depriter need not prove her discharge from employment was solely because of the workers' compensation proceeding, but that the proceeding was at least a factor in her discharge. At the charge hearing, Depriter presented the requested instruction, "which deals with the burden of the Plaintiff, the instruction with regard to establishing a causal connection between the discharge and the compensation received."

Tom Thumb argues the proposed instruction was not substantially correct. Specifically, Tom Thumb contends the proposed instruction decreased Depriter's burden of proof, as it used the language "link" and "factor," not "contributing cause."

The one test for determining if a party has preserved error in the jury charge is whether the party made the trial court aware of the complaint, timely and plainly, and obtained a ruling. *See Texas Dept. of Human Servs. v. Hinds*, 904 S.W.2d 629, 638 (Tex. 1995). Depriter informed the court the requested instruction dealt with her burden of proof for establishing a causal connection. Because I conclude this is sufficient to make the trial court aware of the complaint, Depriter properly preserved the error. *See Hinds*, 904 S.W.2d at 638.

**JURY INSTRUCTION**

The majority opinion fails to give adequate weight to the Texas Supreme Court's analysis in *Hinds*, which dealt with the refusal of an instruction on the standard of causation in Whistleblower Act cases. *See* TEX. GOV'T CODE ANN. §§ 554.001–554.010 (Vernon Supp. 1996); *Hinds*, 904 S.W.2d at 631–32. *Hinds* is instructive on the issue before us in the present case concerning retaliatory discharge under article 8307c.

The Whistleblower Act does not expressly provide a causation standard. *Hinds*, 904 S.W.2d at 631. The *Hinds* opinion notes the use of the "prescriptive word 'because', (sic) is used not only in the Whistleblower Act but in several other statutes prohibiting employment discrimination based upon various factors." *Hinds*, 904 S.W.2d at 633 (citations omitted). As the majority notes, one of the statutes the *Hinds* opinion then lists is article 8307c, which deals with discharges for

case was insufficient and the trial court erred in refusing to elaborate further on the burden of proof. The Sixth Court of Appeals concluded the submitted instruction was erroneous because:

> [It] gave the jury no clue as to whether Hogue had to show that this was the only reason for his discharge or, as provided by case law, that this was a factor attributing to the company's basis for discharging him. Without this guidance, a jury could not determine if Hogue's

discharge was in violation of the Texas Workers' Compensation Act. Causation was a hidden element in the question to the jury, and the jury was invited to speculate whether this had to be the only factor in the discharge.

*Hogue,* at 571. The Sixth Court of Appeals held the charge error was harmless because Hogue failed to establish a prima facie case. *Hogue,* at 571–72.

seeking workers' compensation benefits or testifying in a workers' compensation proceeding. *Hinds,* 904 S.W.2d at 633. The Texas Supreme Court concludes the Whistleblower Act does not require the worker to prove their reporting of illegal activity was the sole reason for the employer's actions. *Hinds,* 904 S.W.2d at 634. The Texas Supreme Court then determines the proper standard of causation for a violation of the Whistleblower Act is "that the employee's protected conduct must be such that, without it, the employer's prohibited conduct would not have occurred when it did." *Hinds,* 904 S.W.2d at 636.

The *Hinds* court next considered whether the trial court properly charged the jury. The jury received only a broad-form question asking whether the Department of Human Services constructively terminated or otherwise discriminated against Hinds in retaliation for his report. Based upon the common law causation standard it established, the *Hinds* court held the jury should have received an instruction containing the proper causation standard. *Hinds,* 904 S.W.2d at 632. Further, the omission of the instruction was error, and "was reasonably calculated to prevent the jury from making the finding necessary to establish liability under the statute, thereby resulting in an improper judgment." *Hinds,* 904 S.W.2d at 638.

The Texas Supreme Court's analysis in *Hinds* involving the Whistleblower Act should be applied to the current case involving article 8307c. Here, article 8307c does not provide a causation standard. The jury charge merely asks the jury to determine whether Tom Thumb discharged Depriter in violation of the Texas Workers' Compensation Act. Here, as the majority notes, the common law has established a causation standard which is interchangeably described as "causal connection" or "causal link." The logical conclusion is that the jury should have received an instruction containing the proper causation standard, just as in *Hinds.*

A trial court is required to "submit such instructions and definitions as shall be proper to enable the jury to render a verdict." TEX.R. CIV. P. 277. The trial court should submit instructions only when it determines

that the instructions will help the jury to understand the meaning of the law and the presumptions it creates. *City of Austin v. Houston Lighting & Power Co.,* 844 S.W.2d 773, 794 (Tex.App.—Dallas 1992, writ denied). The majority reaches the conclusion the charge correctly advised the jury as to the proper standard of causation. It did not. The jury charge provided no guidance to the jury on the proper standard of causation. For this reason, I also disagree with the majority's additional conclusion the requested instruction "would have resulted in submission of a shade of the instruction already given." Instead, I conclude this instruction would have helped the jury understand the meaning of the law. *See* TEX.R. CIV. P. 277; *City of Austin,* 844 S.W.2d at 794.

Finally, for the reasons discussed above, I disagree with the majority's express disapproval of the analysis of the Sixth Court of Appeals involving this issue. *See Hogue v. Blue Bell Creameries, L.P.,* 922 S.W.2d 566, 571 (Tex.App.—Texarkana 1996, n.w.h.). "An issue that fails to guide the jury to a proper finding is defective." *Hogue,* 568–69 (citing *Jackson v. Fontaine's Clinics,* 499 S.W.2d 87 (Tex.1973). The tracking of a statute is usually sufficient for a legal instruction to the jury. *Hogue,* at 568–69. However, causation is an important factor in the findings of the jury, and a worker is not required to show *sole* proximate cause to obtain relief. *Hogue,* at 568–69. This requested instruction will properly inform the jury that retaliation must be a cause, but not the sole cause, of the worker's discharge to find a violation of the statute. *See Hogue,* at 568–69.

I conclude the trial court abused its discretion when it refused to give the jury this instruction. I would reverse the trial court's judgment.