Ralf TOENNIES, Appellant,

v.

QUANTUM CHEMICAL
CORPORATION,
Appellee.

No. 01–98–00269–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 5, 1999.

Rehearing Overruled Sept. 3, 1999.

Linda L.S. Moroney, Attorney at Law, Levon G. Hovnatanian, The Holman Law Firm, P.C., Houston, for Appellant.

Thomas Wilson, Christopher V. Bacon, Anissa Maria Albro, Vinson & Elkins L.L.P., Houston, for Appellee.

Panel consists of Justices MIRABAL, WILSON, and ANDELL.

## OPINION

ERIC ANDELL, Justice.

In this employment discrimination case, we are asked to determine if the trial court erred in submitting a jury charge that asked if appellant, Ralf Toennies, was discharged "because of" his age rather than asking if his age was "a motivating factor" in his discharge. We reverse.

### Facts

The appellant, Ralf Toennies, had worked for years as an engineer for Du-Pont when appellee, Quantum Chemical Corporation, in 1987, bought the facility where he was employed. Quantum promoted Toennies to Senior Principal Engineer in 1989.

Toennies's evaluations from 1987 to 1992 showed him consistently ranked as "competent" (an average ranking) in virtually all areas. Two different supervisors in Quantum evaluated Toennies in 1992 and 1994 by ranking his performance in a variety of areas on a scale from one to five.[1] In 1992, he received only threes and fours, with an overall rating of four. In March 1994, his evaluation was much poorer. He received only fours and fives, with an overall rating of five. As a result, his tenure was endangered. Ultimately, Quantum

---

1.  1=mastery of all elements and consistent performance well beyond expectations; 2=exceeds most job requirements; 3=consistently meets job requirements & occasionally exceeds; 4=needs improvement; 5= unacceptable performance.

terminated Toennies's employment in the fall of 1994. Toennies was 55 years old.

Other engineers who left Quantum since 1994 were 61, 55, 51, 49, 38, and 38 years old. Newly hired engineers during the same time period were 47, 38, 36, 28, 27, and 23 years old. There is no information in the record regarding the average or median age of the applicant pool, reasons for the departure of the other employees, or a record of these employees' evaluations. Toennies contends Quantum discriminated against him because of his age, and sued the company for wrongful discharge.

Jury question number one and its accompanying instructions were as follows:

Do you find, from a preponderance of the evidence, that Quantum Chemical Corporation terminated Ralf Toennies because of his age?

You are instructed that an employer commits an unlawful employment practice if, because of age, the employer discharges an individual.

Age discrimination may be proved by circumstantial evidence.

The offering of a voluntary early retirement package does not constitute age discrimination. Consequently, evidence regarding such an offer is not evidence of age discrimination. A voluntary early retirement program is not unlawful unless it is a subterfuge for age discrimination.

Toennies objected to this question and proposed the following alternative question and instructions, which were refused by the trial court:

Do you find that age was a motivating factor in the decision of the Defendant to terminate Plaintiff's employment?

You are instructed that an employer commits an unlawful employment practice if because of age the employer discharges an individual. Chapter 21.05 of the Texas Labor Code, as amended.

You are further instructed that an unlawful employment practice is established when the Plaintiff demonstrates that his age was a motivating factor for his discharge even if other factors also motivated his discharge. Chapter 21.125(1) of the Texas Labor Code, as amended.

Age discrimination may be proved by direct or circumstantial evidence and you may consider all of the evidence before you to make your determination and give it whatever weight and credence it deserves. *United States Postal Service Board of Governors v. Aikens,* 460 U.S. 711, 103 S.Ct. 1478, 1481, 75 L.Ed.2d 403 (1983). Plaintiff is not required to prove his case by direct evidence exclusively. *Price–Waterhouse v. Hopkins,* 490 U.S. 228, 109 S.Ct. 1775, 1791, 104 L.Ed.2d 268 (1989).

During its deliberations, the jury sent out the following note:

We would like to know if Question 1 should be answered "yes" if Ralf Toennies was terminated because

(a) "Age was *a* determining factor"

or

(b) "Age was the sole determining factor"

The judge refused to answer or elaborate on the charge; he simply referred the jury to the original charge. Later, the jury sent out a note saying it was deadlocked; after an *Allen* charge,[2] the jury returned found that Quantum was not liable.

The sole issue for our review is whether the trial court erred by submitting an incorrect charge to the jury.

### Jury Charge

The Texas Commission on Human Rights Act (TCHRA) governs employment discrimination and provides in pertinent part:

---

**2.** *Allen v. United States,* 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).

An employer commits an unlawful employment practice if because of race, color, disability, religion, sex, national origin or age, the employer:

(1) fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment;

TEX. LAB.CODE ANN. § 21.051 (Vernon 1996). In 1995, two years after enacting this section, the legislature added section 21.125 to the labor code to clarify the prohibition against impermissible consideration of such factors as age. Section 21.125 provides:

Except as otherwise provided by this chapter, an unlawful employment practice is established when the complainant demonstrates that ... age ... was a motivating factor for an employment practice, even if other factors also motivated the practice....

TEX. LAB.CODE ANN. § 21.125 (Vernon 1996).

■■■ A trial court is obligated to submit proper instructions and definitions that enable the jury to render a verdict. TEX.R. CIV. P. 277. A trial court has great discretion in determining what instructions to submit to a jury. *Mobil Chem. Co. v. Bell*, 517 S.W.2d 245, 246 (Tex.1974); *Neuro-Developmental Assocs. v. Corporate Pines Realty Corp.*, 908 S.W.2d 26, 28 (Tex.App.—Houston [1st Dist.] 1995, no writ). A correct jury question properly submits the disputed issue for the jury's determination. *Lee–Wright, Inc. v. Hall*, 840 S.W.2d 572, 577 (Tex.App.—Houston [1st Dist.] 1992, no writ). When liability is asserted based upon a provision of a statute or regulation, a jury charge should track the language of the provision as closely as possible. *Spencer v. Eagle Star Ins. Co. of Am.*, 876 S.W.2d 154, 157 (Tex. 1994).

■■■ As a threshold matter, Quantum contends Toennies did not preserve error because he (1) never tendered a correct instruction and (2) did not object to the trial court's supplemental instructions to the jury after it sought clarification. We reject these arguments. Toennies's proposed question tracked the language of section 21.125 of the Labor Code. Moreover, it was identical to Texas Pattern Jury Charge 107.6. *See Westchester Fire Ins. Co. v. Lowe*, 888 S.W.2d 243, 254 (Tex.App.—Beaumont 1994, no writ) (requested issues substantially correct inasmuch as they tracked language of Texas Pattern Jury Charge 24.06). We are persuaded Toennies tendered a substantially correct instruction. As to supplemental instructions, the judge did not offer any. He simply referred the jury to the original charge. Accordingly, there was no basis for an additional objection. We hold Toennies preserved error for review.

■■■ The jury charges, as submitted, tracked the language of section 21.051 of the Labor Code, which uses the phrase "because of." Quantum argues the charge was, thus, correct and directs us to *Depriter v. Tom Thumb Stores, Inc.*, 931 S.W.2d 627, 630 (Tex.App.—Dallas 1996, no writ), a wrongful discharge case in which the court rejected the plaintiff's argument that the word "because" could be misinterpreted to mean "sole cause." *Depriter*, however, is a worker's compensation case; there is no language in the governing statute that is equivalent to section 21.125.

Various statutes use the prescriptive word "because" in defining prohibited conduct. *See, e.g., Texas Dept. of Human Servs. v. Hinds*, 904 S.W.2d 629, 636 (Tex. 1995). In construing the Whistleblower's Act in *Hinds*, the court held the standard of causation should be that the employee's protected conduct must be such that, without it, the employer's prohibited conduct would not have occurred when it did. *Id.* This "but for" standard applied here means that, but for Toennies's age, Quantum would not have discharged him.

Toennies argues that his proffered alternative instruction, defining his age as a "motivating factor" in Quantum's conduct, should have been used by the trial court. He relies principally on *Hogue v. Blue Bell Creameries, L.P.*, 922 S.W.2d 566 (Tex. App.—Texarkana 1996, writ denied), to support his argument. The *Hogue* court held that the jury charge was incorrect because it could have led the jury to believe the plaintiff had to prove his worker's compensation claim was the *only* reason Blue Bell discharged him, when he only had to prove it was a factor in the decision. *Id.* at 571. Similarly, in *Passons v. University of Texas at Austin*, 969 S.W.2d 560, 563 (Tex.App.—Austin 1998, no writ), the court rejected a sole-cause standard in favor of a "but for" standard. Toennies also notes that one appellate court, dealing with employment discrimination before enactment of the THRCA, rejected "because of" as an adequate instruction because it did not provide the jury with an appropriate frame of reference. *See Adams v. Valley Federal Credit Union*, 848 S.W.2d 182, 188 (Tex.App.—Corpus Christi 1992, writ denied).

In closing argument, appellant's counsel argued "motivating factor" as follows:

When you read the jury question which says, was he discharged because of his age, call it what you have in mind is I have to choose between age and performance. Was it age, or was it performance? It's like the cup. Is the cup half full, or is the cup half empty?

You see, where it says, because of his age, its doesn't say exclusively because of his age. I don't have to prove to you that he was discharged exclusively because of his age. Because of age, it means that if one of the reasons for which he was discharged was age, the law requires that you find in my client's favor.

You may have many things in your mind that were said during this trial. Performance, attendance, being late for work, a variety of things that were said about

my client. But so long as you find that age was one of those reasons for which he was discharged, the law requires that you find in my client's favor. And I believe there was plenty of evidence from which you could conclude very easily that age was one of the reasons which motivated the employer in discharging my client.

In contrast, defendant's counsel argued "but for" causation as follows:

This case is about age discrimination. That is the issue before this jury. The question is, were the decisions that were made regarding Mr. Toennies on account of his age? Did Mr. Olivo give him a bad evaluation because of his age? Was he terminated because of his age? That is the question you will need to explore and answer as jurors in this case.

And probably that—maybe a converse way of looking at this question is as follows: If Mr. Toennies—if everything in this case is exactly the same, same Mr. Toennies, same performance, same position, same responsibilities, same salary, with one difference, he had been 39 years of age, the question you have to ask yourself, would the same thing have happened? Would Mr. Olivo have done the same thing? Would Mr. Dwyer have been equally frustrated? Would Quantum Chemical Company have terminated an individual who was 39 with exactly the same facts? You have to ask, was there any evidence in this case of age discrimination?

■ The word "because" is admittedly ambiguous; it could mean solely or partially because of a particular factor. Apparently, the legislature also thought this, and added section 21.125 to the statute to "clarify" the plaintiff's burden—i.e., to show that an impermissible reason was a "motivating factor" in an employer's decision. The jury's note reflects that ambiguity, and its confusion. The closing arguments of counsel did nothing to dispel that confusion. It is evident from its note that

the jury was diverted from its role as a fact-finding body; instead, it wrestled with which standard of causation to apply. An issue that fails to guide the jury to a proper finding is defective. *Jackson v. Fontaine's Clinics*, 499 S.W.2d 87, 90 (Tex. 1973). The instruction here gave the jury insufficient guidance as to whether Toennies had to show his age was the only reason for his discharge or, as provided by case law, that it was a motivating factor in Quantum's decision to discharge him. Without this guidance, the jury could not determine if Toennies's discharge violated the THRCA. The jury was "invited to speculate whether this had to be the only factor in the discharge." *See Hogue*, 922 S.W.2d at 571. Accordingly, we are persuaded that the court erred.

This error is reversible only if it probably caused the rendition of an improper judgment. TEX.R.APP. P. 44.1(a)(1). We review the pleadings, evidence, and charge to determine whether the incorrect charge was harmful. *Island Recreational Dev. Corp. v. Republic of Texas Savings Ass'n*, 710 S.W.2d 551, 555 (Tex.1986).

Toennies pleaded age discrimination in his petition. He presented a prima facie case of age discrimination: (1) he was discharged; (2) he was qualified for the position; (3) he was 55 years old; and (4) he was replaced by a 33–year–old woman. *See Stanley Stores, Inc. v. Chavana*, 909 S.W.2d 554, 559 (Tex.App.—Corpus Christi 1995, writ denied). The evidence at trial showed that before March 1994, Toennies received satisfactory job performance reviews except for a review in 1992 in which some areas needed improvement, while the remainder were satisfactory. In his 1994 job performance review, his rankings in every area had slipped. Some categories needed improvement, most were unacceptable, and not one was rated as satisfactory. This review was completed by a supervisor who had begun supervising Toennies four months earlier. The supervisor recommended that Toennies be reassigned or removed. On October 4, 1994, the company gave Toennies three months to improve his performance. He was terminated on December 8, 1994, less than three months from his warning. A day or so after Quantum discharged Toennies, a younger woman was hired and assigned to one of his projects.

We have already determined that the charge was incorrect. The jury was deadlocked before being given an *Allen* charge, and sent out a note regarding the timing of the poor performance evaluation. As discussed, they also sent out a note showing their confusion over the standard of causation. Given this, we are persuaded the charge error probably caused the rendition of an improper judgment.

We reverse the judgment and remand the cause to the trial court.