

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-10-00373-CV

LAW OFFICE OF DAVID E.
WILLIAMS, II, P.C.

APPELLANT

V.

FORT WORTH TEXAS MAGAZINE
VENTURE, LP

APPELLEE

----------

### FROM THE 153RD DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

Appellee Fort Worth Texas Magazine Venture, LP (FW Magazine) sued Appellant Law Office of David E. Williams, II, P.C. alleging alternative claims for breach of contract, suit on sworn account, and quantum meruit. FW Magazine claimed that it and Appellant had entered into an advertising agreement whereby

---

[1]*See* Tex. R. App. P. 47.4.

FW Magazine agreed to run a full-page profile advertisement for Appellant in the December 2007 issue of *Fort Worth, Texas Magazine* and in the 2007 "Top Attorney" issue of the magazine. FW Magazine attached a copy of the advertising agreement to its original petition. FW Magazine claimed that it billed Appellee the agreed-upon price of $3,000 but that Appellant did not pay the invoices. Consequently, FW Magazine brought the instant suit and eventually filed a traditional motion for summary judgment on its claims for breach of contract, suit on sworn account, and quantum meruit. The trial court granted summary judgment for FW Magazine on each of its claims and awarded FW Magazine actual damages in the amount of $3,000 and attorney's fees in the amount of $5,000. Appellant perfected this appeal, complaining in its sole issue that the trial court erred by granting summary judgment for FW Magazine. For the reasons set forth below, we will affirm the trial court's summary judgment for FW Magazine; we will reverse the trial court's summary judgment on Appellant's counterclaim and remand in part for adjudication of Appellant's counterclaim.

## II. STANDARD OF REVIEW

We review the trial court's grant of summary judgment de novo. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156–57 (Tex. 2004). To prevail on a traditional motion for summary judgment, the movant must show that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985); *Aguirre v. Vasquez*, 225 S.W.3d 744, 750 (Tex. App.—

2

Houston [14th Dist.] 2007, no pet.). We take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Joe*, 145 S.W.3d at 157; *Aguirre*, 225 S.W.3d at 750. We must affirm the summary judgment if any one of the movant's theories has merit. *See W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003).

### III. SUMMARY JUDGMENT PROPER ON BREACH OF CONTRACT

To recover for breach of contract, FW Magazine was required to show that there was no genuine issue of fact and that as a matter of law it had proven (1) the existence of a valid contract, (2) performance or tendered performance by FW Magazine, (3) breach of the contract by Appellant, and (4) damages to FW Magazine resulting from that breach. *See, e.g., Mercier v. Sw. Bell Yellow Pages, Inc.*, 214 S.W.3d 770, 773 (Tex. App.—Corpus Christi 2007, no pet.) (upholding summary judgment for Southwestern Bell on its breach of contract claim against Mercier for nonpayment of advertisement). As evidence in support of its motion for summary judgment, FW Magazine provided copies of the advertising agreement executed by Appellant. The advertising agreement indicates that it "is an agreement for the purchase of advertising space in Fort Worth, Texas magazine between its Publisher and the Advertiser . . . placing this order. Advertiser acknowledges receipt of this agreement and the Publisher's current rate card . . . ." The agreement also indicates that the $3,000 amount owed by Appellant would be split into two payments of $1,500—one payment in

3

January 2008 and one payment in February 2008. FW Magazine's summary judgment evidence included copies of the advertisement that it ran featuring Appellant in two 2007 editions of the magazine, invoices that it mailed to Appellant, and affidavit testimony that there remained an unpaid balance of $3,000. Viewing this summary judgment evidence in the light most favorable to Appellant, it conclusively establishes Appellee's entitlement to judgment as a matter of law on its breach of contract claim. We overrule the portion of Appellant's sole issue challenging the summary judgment on this basis.

Appellant's response to FW Magazine's motion for summary judgment does not point to any controverting summary judgment evidence but instead claims that Appellant had no relationship with and signed no contract with Appellee Fort Worth Texas Magazine Venture, LP; Appellant claims the agreement it signed was instead with Fort Worth, Texas Magazine. Appellant's summary judgment response acknowledges that Fort Worth, Texas Magazine was the assumed name of Magnolia Media Group, Ltd. and explains that Magnolia Media's assumed name certificate expired and that Appellant is now the owner of that assumed name. Consequently, Appellant argues that FW Magazine does not have standing to sue Appellant because it was not a named party to the advertising agreement and that Fort Worth, Texas Magazine (whom Appellant claims it contracted with) cannot sue Appellant because the assumed name certificate for that name has expired. *See* Tex. Bus. & Com. Code Ann. § 71.201 (West 2009) (stating that a person's failure to comply with chapter 71

4

does not impair validity of any contract, but the person may not maintain an action arising out of a contract in which an assumed name was used until an original, new, or renewed certificate has been filed).

Although by virtue of section 71.201 capacity may not exist for prosecution of a suit in the assumed name of Fort Worth, Texas Magazine, that fact does not affect Appellee's standing to bring suit, which it did. *See, e.g., Nootsie, Ltd. v. Williamson County Appraisal Dist.*, 925 S.W.2d 659, 661–62 (Tex. 1996) (explaining that a party has standing when it is personally aggrieved and has capacity when it has the legal authority to act). Moreover, the trial court conducted a hearing on, and denied, Appellant's plea to the jurisdiction challenging FW Magazine's standing; the parties agree that no reporter's record from that hearing exists. Consequently, we must presume that the evidence presented at that hearing supported the trial court's ruling.[2] *See Feldman v. Marks*, 960 S.W.2d 613, 614 (Tex. 1996); *see also Gonzalez v. Wells Fargo Bank, NA*, No. 05-09-01322-CV, 2011 WL 1549558, at *1 (Tex. App.—Dallas Apr. 26, 2011, no pet.) (mem. op.). We thus overrule the portion of Appellant's sole issue claiming that FW Magazine lacked standing to obtain a summary judgment.

---

[2]Appellant does not challenge the trial court's denial of Appellant's plea to the jurisdiction in a separate issue; Appellant simply argues under its sole issue challenging the summary judgment granted for FW Magazine that it did not have standing.

5

Because we conclude that summary judgment was appropriate on FW Magazine's breach of contract claim, we need not address whether summary judgment was proper on sworn account or quantum meruit grounds. *See Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989); *Jones v. Ray Ins. Agency*, 59 S.W.3d 739, 744 (Tex. App.—Corpus Christi 2001), *pet. denied*, 92 S.W.3d 530 (Tex. 2002) (per curiam).

## IV. BROWN'S AFFIDAVIT WAS NOT DEFECTIVE

In a portion of Appellant's sole issue, it claims that the summary judgment affidavit of Hal Brown, FW Magazine's president, is defective. Specifically, Appellant complains that Brown's affidavit is not based on personal knowledge, contains hearsay, and is conclusory and that Brown was not a "qualified witness" under Texas Rule of Evidence 803(6) so that the documents attached to his affidavit do not fall within the business records exception to the hearsay rule. Appellant did not obtain a ruling on his objections to the Brown affidavit, so all defects of form are waived. *See* Tex. R. Civ. P. 166a(f) (providing that "[d]efects in the form of affidavits . . . will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend"); *see also, e.g.*, *Grand Prairie ISD v. Vaughan*, 792 S.W.2d 944, 945 (Tex. 1990) (lack of personal knowledge objection must be raised and ruled on in trial court); *Stewart v. Sanmina Tex. L.P.*, 156 S.W.3d 198, 206–07 (Tex. App.—Dallas 2005, no pet.) (holding hearsay objection asserts defect in form that must be ruled on by trial court). Objections that an affidavit fails to comply with the

6

business records exception to the hearsay rule likewise must be preserved in the trial court via an objection and a ruling on the objection by the trial court. *See Dulong v. Citibank (S.D.), N.A.*, 261 S.W.3d 890, 893 (Tex. App.—Dallas 2008, no pet.). Thus, the only alleged defect in Brown's affidavit that is preserved for our review is whether the affidavit is conclusory.

Appellant claims that Brown's affidavit is conclusory because it does not show he was employed by Fort Worth, Texas Magazine—the name appearing on Appellant's advertising agreement. We previously addressed this contention by Appellant; by its terms, Appellant's advertising agreement is with the publisher of FW Magazine, not with Fort Worth, Texas Magazine, and Brown's affidavit swears that the advertising agreement was between Appellant and Appellee FW Magazine.

We overrule the portion of Appellant's sole issue claiming that Brown's affidavit was substantively defective.

### V. SUMMARY JUDGMENT PROPER ON ATTORNEY'S FEES

In another portion of his sole issue, Appellant claims that FW Magazine was not entitled to summary judgment on its claim for attorney's fees because Appellant's counsel filed a controverting affidavit. Having prevailed and conclusively established $3,000 in damages on its claim for breach of contract, FW Magazine was entitled to recover reasonable attorney's fees and costs pursuant to chapter 38 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8) (West 2008); *Green Int'l, Inc. v.*

7

*Solis*, 951 S.W.2d 384, 390 (Tex. 1997) (holding that party prevailing and recovering damages is entitled to attorney's fees under section 38.001(8)). To warrant recovery under section 38.001 of the Texas Civil Practice and Remedies Code, attorney's fees must be "reasonable." *See* Tex. Civ. Prac. & Rem. Code Ann. § 38.001. Well-settled law recognizes that an uncontroverted affidavit of the attorney representing a claimant constitutes expert testimony on reasonableness that will support an award of attorney's fees in a summary judgment proceeding. *See Tesoro Petroleum Corp. v. Coastal Ref. & Mktg., Inc.*, 754 S.W.2d 764, 767 (Tex. App.—Houston [1st Dist.] 1988, writ denied).

When an attorney's-fees-summary-judgment affidavit of the attorney representing a claimant is properly controverted by an opposing attorney, a fact issue is raised on reasonableness precluding summary judgment on the attorney's fees issue. *See, e.g., Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 881–82 (Tex. 1990); *Great Am. Reserve Ins. Co. v. Britton*, 406 S.W.2d 901, 907 (Tex. 1966); *Am. 10-Minute Oil Change, Inc. v. Metro. Nat'l Bank—Farmers Branch*, 783 S.W.2d 598, 602 (Tex. App.—Dallas 1989, no writ). To constitute a proper controverting summary judgment affidavit on the issue of attorney's fees, the affidavit must be made by an attorney, be based on personal knowledge, set forth facts which would be admissible in evidence, and show the affiant's competence. *Cammack the Cook, L.L.C. v. Eastburn*, 296 S.W.3d 884, 894–95 (Tex. App.—Texarkana 2009, pet. denied); *Querner Truck Lines, Inc. v. Alta Verde Indus., Inc.*, 747 S.W.2d 464, 468–69 (Tex. App.—San Antonio 1988,

8

no writ) (holding controverting affidavit did not create fact issue on attorney's fees because affiant was not an attorney and affidavit did not show that affiant was competent to give opinion testimony about attorneys' fees). Conclusory statements or statements based purely on opinion are not competent summary judgment evidence. *Cammack the Cook*, 296 S.W.3d at 894.

Here, the affidavit submitted by Appellant in an effort to controvert FW Magazine's attorney's-fees-summary-judgment affidavit simply states, "It is my opinion that the fee charged by [FW Magazine's attorney] is neither reasonable nor necessary, as he seeks payment for time spent unnecessarily." The affidavit goes on to allege that FW Magazine's attorney billed for time for a hearing that had not occurred and that this billing was not segregated from necessary billing. But the summary judgment affidavit of FW Magazine's attorney does not indicate time was billed for a hearing; the affidavit explains the work performed, the total time expended, and the hourly rate charged. Additionally, segregation is required only between time expended on a claim that allows recovery of attorney's fees and claims that do not allow recovery of attorney's fees. *See, e.g., Stewart Title Guar. Co. v. Aiello*, 941 S.W.2d 68, 73 (Tex. 1997). Here, segregation was not required because attorney's fees are recoverable on FW Magazine's claims for breach of contract, quantum meruit, and sworn account. *See* Tex. Civ. Prac. & Rem. Code Ann. § 38.001(1), (7), (8); *Beard Family P'ship v. Commercial Indem. Ins. Co.*, 116 S.W.3d 839, 850 (Tex. App.—Austin 2003, no pet.) (explaining segregation not required between breach of contract and

9

quantum meruit claims arising from same transaction because claims were so interrelated that they essentially required the same proof); *Weitzul Constr., Inc. v. Outdoor Environs*, 849 S.W.2d 359, 366 (Tex. App.—Dallas 1993, writ denied) (attorney's fees recoverable on breach of contract and quantum meruit). Based on these facts, Appellant's attempted controverting attorney's fees affidavit does not provide any factual basis for its underlying opinion that FW Magazine's requested attorney's fees are unreasonable or unnecessary. *See Cammack the Cook*, 296 S.W.3d at 895. Because Appellant's affidavit does not provide any basis for the statement made, the statement is simply conclusory. *See id.*

We overrule the portion of Appellant's sole issue challenging the summary judgment granted to FW Magazine on its claim for attorney's fees in the amount of $5,000.

## VI. SUMMARY JUDGMENT IMPROPER ON APPELLANT'S COUNTERCLAIM

Appellant filed an "Original Counterclaim" alleging in the alternative that FW Magazine had engaged in unreasonable debt collection practices. FW Magazine's motion for summary judgment does not mention this counterclaim or seek summary judgment on it. "[A] motion for summary judgment shall state the specific grounds therefor." Tex. R. Civ. P. 166a(c); *McConnell v. Southside ISD*, 858 S.W.2d 337, 341 (Tex. 1993) (holding that "a motion for summary judgment must itself expressly present the grounds upon which it is made. A motion must stand or fall on the grounds expressly presented in the motion."). When a motion for summary judgment asserts grounds A and B, it cannot be upheld on grounds

10

C and D, which were not asserted, even if the summary judgment proof supports them. *McConnell*, 858 S.W.2d at 342. Here, FW Magazine did not move for summary judgment on Appellant's counterclaim. Accordingly, the trial court erred by granting summary judgment on Appellant's counterclaim. *See Cammack the Cook*, 296 S.W.3d at 894 (reversing summary judgment granted on nonmovant's counterclaims because summary judgment on counterclaims not sought in summary judgment motion). We sustain the portion of Appellant's issue challenging the trial court's summary judgment on Appellant's counterclaim.

## VII. CONCLUSION

We affirm the trial court's summary judgment for FW Magazine, including the attorney's fees award. Because Appellant's counterclaim was not properly before the trial court by virtue of FW Magazine's summary judgment motion, we reverse and remand in part for further proceedings consistent with this opinion.

SUE WALKER
JUSTICE

PANEL: WALKER, MCCOY, and MEIER, JJ.

DELIVERED: July 7, 2011

11